186 So.2d 95 (1966)
GOVERNMENT EMPLOYEES INSURANCE COMPANY, a Foreign Corporation, Appellant,
v.
Forest SWEET, Appellee.
No. 131.
District Court of Appeal of Florida. Fourth District.
May 2, 1966.
Rehearing Denied May 27, 1966.
*96 W. David Rogers, Jr., of Gurney Gurney & Handley, Orlando, for appellant.
Richard W. Bates, Orlando, for appellee.
SMITH, Chief Judge.
On a stipulated statement of fact the court entered judgment in favor of the plaintiff, appellee here, and against the appellant, Government Employees Insurance Company, on a finding that the medical payments provisions of a single insurance policy on two vehicles required payment of the maximum limits on each automobile for injuries received by a named insured in one accident. This appeal raises a question not previously determined in Florida.
The insurance company issued one policy to Sweet covering a Chevrolet and a Ford. By the terms of the policy his wife was a named insured. She was injured in an accident while in the Chevrolet. Her medical expenses exceeded $6,000.00. The limit of liability and premium is separately stated in the "Declarations" for the various coverages on each automobile. The medical payments coverage provides: (1) for the Chevrolet  limits of liability $3,000.00 each person  premium $6.60, and (2) for the Ford  limits of liability $3,000.00 each person  premium $5.40. In the medical payments section the company agrees to pay to or for the named insured all reasonable medical expenses caused by accident while occupying or through being struck by an automobile. The policy excludes medical expenses sustained by the named insured while occupying an automobile owned by or furnished for the regular use of the named insured other than an automobile described in the policy. It then contains the following clause: "The limit of liability for medical payments stated in the declarations as applicable to `each person' is the limit of the company's liability for all expenses incurred by or on behalf of each person who sustains bodily injury as the result of any one accident". In the general conditions the following provision appears: "When two or more automobiles are insured hereunder, the terms of this policy shall apply separately to each. * * *"
In urging that Sweet may recover only $3,000.00, the amount of the limits of liability as to one of the automobiles described in the policy, the insurance company contends that ambiguity exists only in the event there had been injury of the named insured while occupying an automobile neither owned by the named insured nor furnished for the regular use of the named insured, conceding that in that event it would be impossible to determine which automobile afforded coverage. On the other hand the insurance company contends that, since the injuries were incurred by occupying one of the two owned automobiles described in the policy, there is coverage to the named insured only under that part of the policy applying to the owned vehicle occupied when the injuries were received. In further support of their position of only one coverage, and to show consideration for the premium charged on the other automobile, they explain that this is to remove the other automobile from the specific exception applying to the named insured while occupying an owned vehicle not described in the policy. This, they explain, accounts for the premium on the Ford being less than the premium for the insurance on the Chevrolet. We do not agree.
The medical payments coverage applies to all medical expenses of the named insured while occupying or through being struck by an automobile, except an automobile *97 owned by or furnished for the regular use of the named insured which is not described in the policy. This is the feature which makes medical payments insurance coverage an entirely different type of insurance than public liability or property damage insurance where coverage is attributed to the vehicle causing the damage. Medical payment provisions are closely akin to a personal accident policy; recovery is completely independent of liability on the part of the insured. The policy shows in every category of coverage that the premium is less on the second automobile. It is a matter of common knowledge that all of these reductions are granted because two automobiles are covered in the same policy. The reduction in premium on medical payments cannot be attributed to an intent to reduce medical payment benefits on the second automobile. On the other hand, to say that the premium charged for medical payments on the second automobile in an amount only slightly less than that charged for the first automobile is for the sole purpose of removing the second automobile from the specific exception applying to an automobile owned by the named insured is unrealistic. This would be saying, in effect, that the premium for coverage for all automobiles in the world except the second automobile is $6.60, and on the other hand the premium cost for the second automobile alone, excluding all others in the world, is $5.40.
On first impression it seemed that the limit of liability clause in the medical payments section of the policy determined the question but none of the terms of the policy may be applied to the exclusion of others. The two or more automobiles clause directs that the terms of the policy shall apply separately to each automobile. The terms of the policy are hopelessly irreconcilable, and we must adopt the construction which provides the most coverage. When we apply the terms of the policy separately to each of the two automobiles insured, we find that the limits of liability for medical payments for each automobile is $3,000.00, and it makes no difference whether the injuries were sustained while the named insured was occupying or struck by either one or the other of the automobiles described in the policy or by an automobile not described in the policy. There is no way to relate coverage to either, and, therefore, the limit of liability for medical payments of the named insured for bodily injury sustained as a result of any one accident is applied separately to the terms of the policy as to each automobile described. The aggregate amount is $6,000.00. This conclusion is in accord with all of the other authorities (except the one discussed infra) cited or found in our independent research. They are: Kansas City Fire & Marine Insurance Company v. Epperson, 1962, 234 Ark. 1100, 356 S.W.2d 613; Central Surety and Insurance Corporation v. Elder, 1963, 204 Va. 192, 129 S.E.2d 651; and Southwestern Fire and Casualty Company v. Atkins, 1961, Tex.Civ.App., 346 S.W.2d 892.
We have carefully noted the insurance company's sole authority for its position to the contrary. Sullivan v. Royal Exchange Assurance, 1960, 181 Cal. App.2d 644, 5 Cal. Rptr. 878. That decision appears to be the first on the subject and thereafter uniformly rejected. In addition to the comments made by others in declining to follow that decision we note that the insurance company here urges us to follow that decision as authority for its argument that the coverage should be limited to $3,000.00, and they concede that ambiguity might exist and there might be coverage as to both automobiles, if a person was injured in a non-owned vehicle because coverage cannot be attributed to either. Their sole authority involved injuries to a child of the named insured received from a non-owned vehicle. That decision does not attribute the coverage to either automobile. It held that the limit of liability clause was controlling.
Affirmed.
WALDEN, J., and KANNER (Ret.), Associate Judge, concur.