ODEAN VARVIL, ADMINISTRATOR *v.* M.F.A. MUTUAL
INSURANCE COMPANIES

5-4419                                    421 S. W. 2d 346

Opinion delivered December 11, 1967

*Branch* & *Adair,* for appellant.

*Kirsch, Cathey* & *Brown,* for appellee.

GEORGE ROSE SMITH, Justice. At the time of his
death last year Howard W. Varvil owned two automo-
biles. The appellee had issued separate but identical in-
surance policies upon the two cars, each policy provid-
ing a maximum funeral benefit of $1,000. Varvil was
killed while riding in what the policies refer to as a non-
owned automobile. His funeral expenses amounted to
$1,557.43. The appellant, as the administrator of Var-
vil's estate, brought this action to recover the full
amount of the funeral expenses. The trial court, upon
stipulated facts, sustained the defendant's contention
that its liability was limited to $1,000.

The court was right. The policies contained this pro-
vision governing the situation in which the company
might otherwise have been doubly liable under policies
issued by it to the same person: "5. Other Automobile
Insurance In The Company—With respect to any occur-
rence, accident, death or loss to which this and any other

automobile insurance policy issued to the named insured or spouse by the company also applies, the total limit of the company's liability under all such policies shall not exceed the highest applicable limit of liability or benefit amount under any one such policy."

There is no ambiguity in the paragraph just quoted. To the contrary, its meaning is too clearly stated to be susceptible of any misunderstanding. The appellant cites our decision in *Kansas City Fire & Marine Ins. Co.* v. *Epperson,* 234 Ark. 1100, 356 S. W. 2d 613 (1962), but that case differs significantly from this one in that there the extra premium paid for the insurance upon the second car would, under the insurer's contention, have provided no additional insurance coverage. That is not true here, for these policies explicitly declare that the coverage provided by the policy upon a particular car does not extend to bodily injury sustained by the insured or a relative while occupying another car owned by the insured. Thus the premium paid for the second policy does purchase additional protection.

Counsel cite a number of cases from other jurisdictions, but the only case that we think to be really in point is *Pesti* v. *Nationwide Mut. Ins. Co.,* 415 Pa. 318, 203 A. 2d 660 (1964). There the policy provided, much as the ones in this case do, that the payment of benefits to any one person "shall discharge all liability of the Company for Family Compensation Insurance to that person under this or any other policy." The court rejected substantially the same argument that is now being made to us, saying:

Really, Administrator's argument is that because Nationwide agreed to provide a certain amount of benefits for a five dollar premium it cannot assert a clear provision of an agreement the effect of which would be to provide something less than four times the amount of such benefits for twenty dollars. Such an argument does not raise an estoppel. Rather, it

embodies a request that this Court recast the parties' bargain. Each additional rider and premium brought substantial additional benefits, and it is neither possible under the evidence nor our function under the law to calculate their worth. Hence, Administrator must be held to the bargain struck by the insured when he purchased the additional policies.

We agree with the Pennsylvania court's interpretation of the contract.

Affirmed.