Jas. E. Simpson and Lange, Simpson, Robinson & Somerville, Birmingham, for appellant.

226 So.2d 292

**INSURANCE COMPANY OF NORTH AMERICA**

v.

**Vesta Lee WILLIAMS.**

6 Div. 362.

Court of Appeals of Alabama.

April 23, 1968.

Rehearing Denied May 28, 1968.

Reversed on Mandate Aug. 19, 1969.

Griffin & Wilson, Birmingham, for appellee.

JOHNSON, Judge.

This case was submitted to this court on the following stipulated facts contained in appellant's brief:

"The insured, R. J. Williams, Jr., was killed December 18, 1965, in a train truck collision in Arkansas while riding as a passenger in a pickup truck not owned by him. Mr. Williams at the time of his death owned two automobiles which were insured by appellant under two policies whose terms are identical. The policies contained a provision for a $1,000 death benefit and the appellant paid the benefits due under one policy but denies liability for death benefits under both policies."

It appears that the accidental death benefit was added subsequent to the deceased's purchasing the policies under a "Liberalization Clause." The appellant insurance company in refusing to pay the $1,000 death benefit under the second policy relies on the condition contained within a paragraph which states the following:

"OTHER INSURANCE IN THIS COMPANY

"*If the named insured carries other automobile insurance with this Company covering a loss also covered by this policy, the Insured must elect which policy shall apply, and the Company shall be liable under the policy so elected, but shall not be liable under any other such policy.* If more than one Insured is required to elect, they must agree to elect the same policy. If any Insured fails to elect within 20 days after being notified of the requirement to elect, he shall have waived his right to elect to the Company. (Emphasis ours.)

Appellant contends that this provision requiring an election of policies is susceptible to only one meaning; that it is not ambiguous; and that a ruling in favor of the appellee would result in a new contract.

Appellee argues that the accidental death benefit is paid under an "accidental death policy" and to that extent it is not "other automobile insurance" as relied upon by the appellant.

Appellee cites to us Government Employees Insurance Company v. Sweet, Fla.App., 186 So.2d 95, wherein the action was to recover under the medical payments provisions of an automobile liability policy issued by the appellant insurance company covering two automobiles. In *Sweet,* supra, the District Court of Appeals of Florida stated in part as follows:

"The medical payments coverage applies to all medical expenses of the named insured while occupying or through being struck by an automobile, except an automobile owned by or furnished for the regular use of the named insured which is not described in the policy. *This is the feature which makes medical payments insurance coverage an entirely different type of insurance than public liability or property damage insurance where coverage is attributed to the vehicle causing the damage. Medical payment provisions are closely akin to a personal accident policy; recovery is completely independent of liability on the part of the insured.*" (Emphasis ours.)

We agree with the reasoning in the foregoing *Sweet* case.

Tit. 28, Sec. 106, Code of Ala., 1940, sets out the kinds of insurance which a mutual insurance company may contract for and also gives a brief definition of each type of insurance. For the purpose of definition this section may be applied to stock companies as well. Tit. 28, Sec. 106, supra, states in part as follows:

"Any company licensed under the provisions of this article may make contracts of insurance or to reinsure or accept reinsurance on any portion thereof, to the extent specified in its articles, for the kinds of insurance, following:

\* \* \* \* \* \*

"*Disability insurance.* Against bodily injury or death by accident and disability by sickness.

"*Automobile insurance.* Against any or all loss, expense and liability, resulting from the ownership, maintenance or use of any automobile or other vehicle." (Emphasis ours.)

Thus, *automobile insurance* under this section is predicated upon either owning, maintaining or using an automobile or other vehicle.

The accidental death benefit provision contained in the policy issued to the deceased in the case at bar does not ground recovery on either owning, maintaining or using an automobile but states: "caused by accident and sustained by the named insured or any relative *while occupying an automobile or through being struck by an automobile. * * * *"* Under this clause, recovery may be had when the insured is a pedestrian and is struck by an automobile.

In Commercial Standard Ins. Co. v. New Amsterdam Cas. Co., 272 Ala. 357, 131 So.2d 182, the court stated the following:

"The general rule is that insurance policies should be liberally construed in favor of the insured and words of the policy must be given their ordinary and generally understood meaning. Strained or unusual construction of any of the terms should not be indulged in in favor of either the insurer or the insured."

To hold that "automobile insurance" as used in the instant case encompasses the accidental death benefit provision would be placing a strained construction upon the words.

We conclude, therefore, that an accidental death benefit coverage in an automobile policy is a separate and distinct type of insurance and must, therefore, be treated as such in any and all provisions and conditions within the policy including the condition of electing which policy shall apply when the insured carries other insurance with the same company covering the same loss.

This cause is due to be and the same is hereby

Affirmed.

CATES, Judge (dissenting).

I think that the lower courts and the majority here have rewritten the policy sued on without leave of the underwriter. To me, the "other automobile insurance in this company" clause is clear.

I.

Plainly, reference to Code 1940, T. 28, § 106, is beside the point. That section refers to powers which certain Alabama *mutual* insurance companies may assume in their articles of incorporation.

Insurance Company of North America is a stock company with its home office in Philadelphia. Plaintiff's Exhibit "C." Also § 119, T. 28,[1] excludes foreign companies.

II.

Government Employees Ins. Co. v. Sweet (Fla.App., 4 Dist.), 186 So.2d 95, relates to a single policy covering two cars. By

---

1. "§ 119. All laws or parts of laws in conflict with the provisions of this article shall not apply to or be enforced against companies formed under the provisions of this article; provided that the provisions of this article shall not apply to or affect any company or insurance company, as defined in section 40 of this title, except those organized under the provisions of this article. But any such company may, by due and legal amendment of its charter and articles of association, adopt and become subject to the provisions of this article when such amendments shall have been submitted to and approved by the superintendent of insurance. Any company so electing and fully complying with this article may hereafter effect such kinds of insurance as are authorized by this article and specified in its charter and articles of association then in force or that as then or thereafter amended."

separate declarations, medical payments[2] were listed for each car at $3,000.00. For each such medical payment provision, the company charged a separate premium, i. e., $6.60 and $5.40. The aggregate loss was over $6,000.00 in medical expense.

The Court of Appeals for the First District, in Hilton v. Citizens Insurance Co. of N. J., 201 So.2d 904, said of the *Sweet* case:

"The insurance clauses construed in the Sweet case are entirely different from those which we are called upon to construe in the case sub judice and are intended to serve a separate and unrelated purpose. The insurance policy on which plaintiffs base their claim for judgment clearly provides that regardless of the number of vehicles insured thereunder, or the number of insureds who may sustain damages in any one accident, the limit of the company's liability shall be the amount set forth in the declarations clause of the policy. This amount is shown to be the sum of $20,000.00 To hold with the contention of appellants would amount to rewriting the clear and unambiguous terms of the insurance policy sued upon and to impose on appellee twice the amount of liability it agreed to assume for the premium charged in exchange for the coverage granted. We think the trial court's construction of the policy terms was correct, and its order denying appellants' motion to amend their complaint by increasing the amount of their claim above the policy limits is affirmed."

Here Mrs. Williams claims a second lump sum accidental death benefit of $1,-000.00 No separate·premium is shown to have been charged either for the first death benefit (which the company paid) or for the second.

This is not "Other insurance" generally but other insurance under the same underwriter.

A similar case is found in Varvil v. M.F.A. Mutual Ins. Cos., 243 Ark. 692, 421 S.W.2d 346:

"At the time of his death last year Howard W. Varvil owned two automobiles. The appellee had issued separate but identical insurance policies upon the two cars, each policy providing a maximum funeral benefit of $1,000. Varvil was killed while riding in what the policies refer to as a non-owned automobile. His funeral expenses amounted to $1,557.43 The appellant, as the administrator of Varvil's estate, brought this action to recover the full amount of the funeral expenses. The trial court, upon stipulated facts, sustained the defendant's contention that its liability was limited to $1,000.

"The court was right. The policies contained this provision governing the situation in which the company might otherwise have been doubly liable under policies issued by it to the same person: '5. Other Automobile Insurance In The Company—With respect to any occurrence, accident, death or loss to which this and any other automobile insurance policy issued to the named insured or spouse by the company also applies, the total limit of the company's liability under all such policies shall not exceed the highest applicable limit of liability or benefit amount under any one such policy.'

"There is no ambiguity in the paragraph just quoted. To the contrary, its meaning

---

2. Other cases concerning medical payment clauses in single policies are: Kansas City Fire & Marine Ins. Co. v. Epperson, 234 Ark. 1100, 356 S.W.2d 613; Government Employees·Ins. Co. v. Sweet, Fla. App., 186 So.2d 95; Travelers Indemnity Co. v. Watson, 111 Ga.App. 98, 140 S.E. 2d 505; Southwestern Fire & Cas. Co. v. Atkins, Tex.Civ.App., 346 S.W.2d 892; Central Surety & Ins. Corp. v. Elder, 204 Va. 192, 129 S.E.2d 651. Contra: Sullivan v. Royal Exchange Assur., 181 Cal. App.2d 644, 5 Cal.Rptr. 878.

is too clearly stated to be suspectible of any misunderstanding. * * *"

See also Pusti v. Nationwide Mutual Ins. Co., 415 Pa. 318, 203 A.2d 660, and Kingman v. Nationwide Mutual Ins. Co., 243 S.C. 405, 134 S.E.2d 217.

If the two cars had been under a single policy this suit would have been moot. Hence, I think that the appellee should not gain a windfall by splitting his insurance into separate contracts.

PER CURIAM:

On authority of Insurance Company of North America v. Williams, 284 Ala. 510, 226 So.2d 295 (MS. May 8, 1969), the judgment below is reversed and the cause remanded for proceedings consistent with the opinion of the Supreme Court of Alabama.

Reversed and remanded.