276 So.2d 6 (1973)
Emily A. DYER, Surviving Spouse and Personal Representative of the Estate of John W. Dyer, Deceased, Petitioner,
v.
NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, an Ohio Corporation, Authorized in Florida, Respondent.
No. 42429.
Supreme Court of Florida.
April 11, 1973.
Edward D. Carlson, Clearwater, for petitioner.
Donald V. Bulleit of Fowler, White, Gillen, Humkey, Kinney & Boggs, St. Petersburg, for respondent.
BOYD, Justice.
This cause is before us on petition for writ of certiorari to review the decision of the District Court of Appeal, Second District, reported at 262 So.2d 494. Our jurisdiction is based on conflict between the decision sought to be reviewed, a per *7 curiam affirmance, and Government Employees Insurance Company v. Sweet.[1]
Plaintiff, petitioner herein, brought suit against Respondent on an automobile insurance policy insuring three automobiles owned by the plaintiff and the plaintiff's deceased husband. The Complaint alleged that the deceased husband had been involved in an automobile accident resulting in personal injuries and medical expenses in excess of $3,000.00; that the defendant insurance carrier had refused to pay any amount in excess of $1,000.00 under the medical payment portion of the policy, and had denied that an additional $2,000.00 was owed. The civil and criminal court of record denied plaintiff's motion for summary judgment and granted defendant's motion for summary judgment finding that, as a matter of law, under the terms of the policy, defendant was obligated only to the extent of $1,000.00.
The policy in question insures three cars and under it plaintiff paid three separate premiums for medical payment insurance, each car being insured for $1,000.00. The policy contained a "2-or-more automobiles" clause applicable to the medical payment portion, which clause provides that when two or more automobiles are insured under the policy, the terms of the policy shall apply separately to each automobile.[2] The coverage portion of the medical payments insurance states that medical payments provisions cover bodily injury caused by accident while occupying either the owned automobile, a non-owned automobile or through being struck by an automobile or by a trailer.[3]
The instant case falls squarely within the guidelines set in Sweet. That case held, in an identical factual situation, as follows:
I. That medical payments insurance contained in automobile liability insurance policies is a non-fault type of insurance; i.e., the medical payments provision is not based on who caused or is at fault in the accident or which vehicle is involved or the use of the vehicle, but rather the Insurance Carrier is obligated to pay for medical bills incurred through the occupancy, use or a person being struck by an automobile owned or driven by the insured driver.
II. That if, in fact, there is a conflict between two portions of the policy, the conflict should be resolved in favor of the insured.
*8 The conflict in Sweet was the same conflict as exists in the present case. In Sweet, a "two-or-more automobiles" clause which was the exact duplicate of the clause contained in the Nationwide Mutual Fire Insurance Company policy, was held to be in conflict with a provision which stated that medical payments would be payable to or for the named insured or his relatives who would sustain bodily injury while occupying an owned automobile or by or through the use of an automobile. The Court held this clause was in direct conflict with the "two-or-more automobiles" provision of the policy, the first provision holding that terms should apply separately to each automobile and the second stating that it made no difference which car caused the injury and that by its very nature medical payments coverage was not attributable to a specific automobile.
In the instant case, the Nationwide Mutual Fire Insurance Company policy "Coverage G" is of the same effect as the paragraph recited in Sweet, in that it does not attribute the coverage to any particular automobile. It covers the named insured or his relative occupying the owned automobile, a non-owned automobile, or through being struck by any automobile. Therefore, it is an entirely different coverage, as explained in Sweet, from liability coverage which is attributable to the automobile causing the injury. In addition thereto, the policy contains a "two-or-more automobiles" clause. "Conditions," paragraph 4. It reads the same as that in the policy in Sweet.
Thus, the facts in the instant case square with,[4] and should be controlled by, the precedent set in Sweet: where there is a "two-or-more automobiles" clause in the medical payments section of the policy which is in direct conflict with the basic nature and intent of medical payments coverage, the latter being independent of the automobile causing the damage, the conflict is resolved in favor of the policy holder and the interpretation of the policy giving the most coverage is adopted.
As the Fourth District noted in Sweet:[5]
"On first impression it seemed that the limit of liability clause in the medical payments section of the policy determined the question but none of the terms of the policy may be applied to the exclusion of others. The two or more automobiles clause directs that the terms of the policy shall apply separately to each automobile. The terms of the policy are hopelessly irreconcilable, and we must adopt the construction which provides the most coverage. When we apply the terms of the policy separately to each of the two automobiles insured, we find that the limits of liability for medical payments for each automobile is $3,000.00, and it makes no difference whether the injuries were sustained while the named insured was occupying or struck by either one or the other of the automobiles described in the policy or by an automobile not described in the policy. There is no way to relate coverage to either, and, therefore, the limit of liability for medical payments of the named insured for bodily injury sustained as a result of any one accident is applied separately to the terms of the policy as to each automobile described. The aggregate amount is $6,000.00. This conclusion is in accord with *9 all of the other authorities ... cited or found in our independent research."[6]
In view of the foregoing, the decision of the District Court is quashed and the cause remanded for further proceedings consistent herewith.
ROBERTS, Acting C.J., and ERVIN and McCAIN, JJ., concur.
DEKLE, J., concurs specially with opinion.
DEKLE, Justice (specially concurring):
I concur in the foregoing excellent opinion construing the particular medical payment provisions in the automobile liability policy involved, because of the policy language (see footnotes 2 and 3). Such provisions, and payment of 3 separate premiums on 3 separate cars (in a multiple policy), distinguish this case from my consistently dissenting view which would have disallowed "double" and "projected" uninsured motorist coverage where there is only "one-car-one-premium" in Brown v. Progressive Mutual Ins. Co., 249 So.2d 429, 430 (Fla. 1971); Hodges v. National Union Indemnity Co., 249 So.2d 679, 681 (Fla. 1971); Mullis v. State Farm Mutual Automobile Ins. Co., 252 So.2d 229, 238 (Fla. 1971); Allstate Ins. Co. v. Dairyland Ins. Co., 271 So.2d 457, 459 (Fla. 1972); and Salas v. Liberty Mutual Fire Ins. Co., 272 So.2d 1, 5 (Fla. 1972).
By virtue of Fla. Stat. § 627.0851, policy provisions providing for uninsured motorist insurance are limited in their application to circumstances and locations involving the insured vehicle; that uninsured motorist coverage "does not dangle independently over the insured as an individual" no matter where he goes, stops or starts, continues to be my view, as comporting with logic and the principles of contract. Hodges v. National Union Indemnity Co., supra, 249 So.2d p. 682.
I concur here.
NOTES
[1] 186 So.2d 95, 21 A.L.R.3d 895 (Fla. App.4th 1966). See Foley v. Weaver Drugs, Inc., 177 So.2d 221 (Fla. 1965).
[2] "When two or more automobiles are insured hereunder, the limits of liability under each coverage shall apply separately to each automobile as stated in the declarations. An automobile and a trailer attached thereto shall be held to be one automobile as respects limits of liability under Part II of this policy, and separate automobiles under Part I of this policy, including any deductible provisions applicable thereto... ." Nationwide Family Automobile and Comprehensive Liability Policy at Page 8, paragraph 4, "Conditions".
[3] "To pay all reasonable expenses incurred within one year from the date of the accident for necessary medical, surgical, X-ray and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services:

"Coverage G: Division 1  to or for the named insured and each relative who sustains bodily injury, sickness or disease, including death resulting therefrom, hereinafter called `bodily injury,' caused by accident,
(a) while occupying the owned automobile,
(b) while occupying a non-owned automobile, but only if such person has, or reasonably believes he has, the permission of the owner to use the automobile and the use is within the scope of such permission, or
(c) through being struck by an automobile or by a trailer of any type... ."
Nationwide Family Automobile and Comprehensive Liability Policy at Page 6, coverage G, "Medical Payments  Automobile."
[4] In addition to the substantial similarities already demonstrated, it should be noted that: 1) both cases were suits to recover the aggregate amounts under the medical payments provisions of the Plaintiff's policy; 2) in both there were two or more automobiles insured and each automobile had a separate limit of liability; 3) in both cases multiple premiums were charged for the coverage; and 4) in both cases the Plaintiff was in one of the owned automobiles at the time of the accident.
[5] 186 So.2d at 97.
[6] Indeed, the Sweet decision, annotated at 21 A.L.R.3d 900, currently represents the greater (and, we believe, better) weight of authority.