339 So.2d 679 (1976)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a Foreign Corporation, Appellant,
v.
Marta Elena CASTANEDA, Appellee.
No. 75-1767.
District Court of Appeal of Florida, Third District.
November 16, 1976.
Rehearing Denied December 15, 1976.
Walton, Lantaff, Schroeder, Carson & Wahl and George W. Chesrow, Miami, for appellant.
Luis Stabinski, Miami, Greene & Cooper, for appellee.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
*680 NATHAN, Judge.
This is an appeal by State Farm Mutual Insurance Company, defendant in the trial court, from a summary judgment in favor of the plaintiff, Maria Castaneda, in an action to determine personal injury protection (PIP) benefits under the provisions of the Florida Automobile Reparations (no-fault insurance) Act and also medical payments under the terms of the insurance policies issued by defendant.
The principal issue on appeal is the validity of the exclusionary provision of the no-fault insurance act which authorizes an insurer to limit coverage for PIP benefits for injuries sustained by an insured while occupying another motor vehicle which is owned by the named insured but not covered under the policy.
The facts are not in dispute. Plaintiff, a resident of the same household as her father, was injured in an accident involving a Pontiac automobile, owned by her father, in which she was a passenger. At the time of the accident, the Pontiac as well as three other automobiles owned by the Plaintiff's father were insured by State Farm, each under a separate policy. Separate premiums were paid for each. The policies provided identical PIP benefits of five thousand dollars, as required by the no-fault insurance act. The insurance policy covering the vehicle in which Plaintiff was a passenger and the policies on two of the other cars also provided medical payment coverage of one thousand dollars. This coverage is exclusive of any PIP benefits.
As a result of the accident, Plaintiff suffered medical expenses in excess of $23,000. State Farm paid Plaintiff $5,000 in PIP benefits and $1,000 in medical payments under the provisions of the policy covering the Pontiac. Plaintiff demanded an additional $5,000 in PIP benefits under each of the three other automobile policies, a total of $15,000, and an additional $1,000 under the medical payment provisions which were contained in two of the other policies, totaling $2,000.
The issues presented here as to PIP benefits have not been determined by other decisions. From the undisputed facts as presented, the trial court found that State Farm owed the Plaintiff a total amount of $20,000 in PIP benefits ($5,000 for each automobile) and medical payments coverage of $3,000 ($1,000 for each of three vehicles).
Florida Statutes § 627.736(2)(a) provides in pertinent part:
"Required personal injury protection benefits; exclusions; priority
* * * * * *

(2) Authorized exclusions.  Any insurer may exclude benefits:
"(a) For injury sustained by the named insured and relatives residing in the same household while occupying another motor vehicle owned by the named insured and not insured under the policy... ."
The State Farm insurance policies covering the four cars each contained the following provisions:
"EXCLUSIONS
THIS INSURANCE DOES NOT APPLY:
(a) TO THE NAMED INSURED OR ANY RELATIVE WHILE OCCUPYING A MOTOR VEHICLE OF WHICH THE NAMED INSURED IS THE OWNER AND WHICH IS NOT AN INSURED MOTOR VEHICLE UNDER THIS INSURANCE... ."
Under the clear terms of the policies, the Plaintiff was not covered for PIP benefits under the separate insurance policies covering the three automobiles owned by the father in which Plaintiff was not a passenger at the time of the accident.
Plaintiff urges that she is entitled to "stack" the PIP benefits which were payable under each insurance policy. In so doing Plaintiff relies on the public policy rationale of Mullis v. State Farm Mutual Ins. Co., 252 So.2d 229 (Fla. 1971). In Mullis, two policies had been issued; one covered two automobiles owned by the insured. The court in that case held that the insurer could not exclude Uninsured Motorist Coverage for instances where the insured occupied another motor vehicle which *681 he owned, but which was not an insured motor vehicle under the policy. This authority is not persuasive, since the Uninsured Motorist provision of the Florida Statutes[1] does not contain any authorized exclusions, whereas certain express exclusions are contained within the sections pertaining to PIP benefits, as noted above. Moreover, the PIP benefits exclusion which was authorized by the Florida legislature and included in the State Farm policy is clear, unambiguous and specific. As such, it requires no construction or interpretation. Oren v. General Accident Fire and Life Assur. Corp., 175 So.2d 581 (Fla.3d DCA 1965). Thus, the exclusionary provisions in the State Farm policies relating to PIP benefits are valid and binding on the Plaintiff.
Three of the policies in question provide medical payments coverage to:
"[T]he first person named in the declarations, and, while residents of his household, his spouse and any relatives of either who sustains bodily injury, caused by accident (1) while occupying the owned motor vehicle."
The "owned motor vehicle" is defined as the vehicle which is described in the policy declarations. The Plaintiff urges that where three policies were issued on different automobiles to the same insured by the same insurer and all provided medical payments coverage, the policies must be read and construed with reference to each other, and coverage should therefore be "stacked." We agree, on the authority of Tucker v. Government Employees Ins. Co., 288 So.2d 238 (Fla. 1973), Dyer v. Nationwide Mutual Fire Ins. Co., 276 So.2d 6 (Fla. 1973), and Government Employees Ins. Co. v. Sweet, 186 So.2d 95 (Fla.4th DCA 1966). The mere fact that separate policies were issued to the insured Plaintiff's father, rather than a combination policy as in the Dyer and Sweet cases, supra, is not determinative as to whether coverage should be "stacked" in this instance. As was noted in both Dyer and Sweet, medical payments insurance is a non-fault type of insurance, to the extent that it is not dependent upon the car in use at the time of the accident. It is not attributable to a specific automobile. Each of the three policies with medical payments provisions in the case before us provide for coverage of family members who are struck by a highway vehicle while not occupying another automobile. In such a situation, as was similarly noted in Sweet, it would be impossible to determine which of the three policies afforded coverage. We are of the opinion that all three policies must therefore be interpreted as providing medical payments coverage in the instant action.
Affirmed in part and reversed in part.
NOTES
[1] § 627.727, Fla. Stat. (Supp. 1973).