347 So.2d 477 (1977)
Paul CHAPPELEAR and His Wife, Irene Chappelear, Appellants,
v.
ALLSTATE INSURANCE COMPANY, a Foreign Corporation Authorized to Do Business within the State of Florida, Appellee.
No. CC-465.
District Court of Appeal of Florida, First District.
June 30, 1977.
*478 Daniel L. Hightower of Green, Simmons, Green & Hightower, P.A., Ocala, for appellants.
J. Christian Meffert of Ayres, Cluster, Curry, Meffert & McCall, P.A., Ocala, for appellee.
SMITH, Judge.
Plaintiff appeals from a circuit court judgment dismissing his action against Allstate for automobile personal injury protection benefits exceeding $5,000. Appellant was named insured of a single Allstate policy covering appellant's two automobiles, one of which appellant was driving when injured in an accident.
Section 627.736(2), Florida Statutes (1975) provides, in respect to personal injury protection benefits, that an insurer may exclude such benefits
"(a) For injury sustained by the named insured . .. while occupying another motor vehicle owned by the named insured and not insured under the policy ...."
Appellant's Allstate policy provides:
"Regardless of the number of persons insured, policies or bonds applicable, vehicles involved or claims made, the total aggregate limit of personal injury protection benefits available under the Florida Automobile Reparations Reform Act from all sources combined, including this policy, for all loss and expense incurred by or on behalf of any one person who sustains bodily injury as the result of any one accident shall be [aggregate total $5,000 each person]."
Had appellant's two automobiles been insured by separate Allstate policies, the exclusion would unquestionably limit appellant to $5,000 in personal injury protection benefits, as prescribed by Section 627.736. State Farm Mut. Auto. Ins. Co. v. Castaneda, 339 So.2d 679 (Fla. 3d DCA 1976). A different result is not required by the circumstance that Allstate here issued a single policy insuring both vehicles. Appellant's argument that the single policy is in effect two policies, thus generating the possibility of two $5,000 insurance funds, is self-defeating. If the policy is thus regarded as two, the statutory exclusion has unambiguous effect. If the policy is but one, there is but one $5,000 benefit.
AFFIRMED.
RAWLS, Acting C.J., and ERVIN, J., concur.