348 So.2d 661 (1977)
TRAVELERS INDEMNITY COMPANY, a Corporation, Petitioner,
v.
David WOLFSON, Respondent.
No. 77-245.
District Court of Appeal of Florida, Third District.
August 2, 1977.
High, Stack, Davis & Lazenby and Alan R. Dakan, Miami, for petitioner.
Wolfson, Urich & Associates, Miami, for respondent.
Before HENDRY, C.J., and PEARSON and HUBBART, JJ.
PEARSON, Judge.
This petition for writ of certiorari is directed to a decision of the circuit court acting in its appellate capacity. The circuit court affirmed without discussion a judgment of the county court. The petitioner and the respondent have adopted the following statement of the facts.
Petitioner was the defendant in a case before the county court, to wit, David Wolfson v. Travelers Indemnity Company. Respondent was the plaintiff in that case.
The plaintiff sued the defendant in the county court for unpaid medical benefits alleged to be due under an insurance policy issued by the defendant. It was plaintiff's contention that he had incurred medical and other compensable personal injury protection (PIP) benefits exceeding $7,000.00 and demand was accordingly made on the defendant for payment of same pursuant to the policy in which the defendant insured two vehicles and under which it paid personal injury protection benefits of $5,000.00 and medical payment benefits of $2,000.00. Plaintiff contended that he was entitled to aggregate the personal injury protection coverages on the two vehicles insured by defendant and thus obtain a total of $10,000.00 in personal injury protection benefits.
Final judgment was rendered in favor of the plaintiff, whereupon defendant took a timely appeal to the circuit court. It was assigned as error that the county court erred in an implicit finding that plaintiff could "stack" or aggregate personal injury protection benefits coverages under two insurance coverages to recover an amount in excess of $5,000.00 in such benefits.
The circuit court affirmed the judgment of the county court, and it is that order which plaintiff seeks to have reviewed here.
The controlling question is whether the circuit court departed from the essential requirements of law when it affirmed the county court's holding that personal injury protection benefits on two vehicles may be "stacked" to provide more than a $5,000 recovery in a single accident. We hold that personal injury protection benefits may not be "stacked" and that the circuit court departed from the essential requirements of law when it failed to apply Section 627.736(1)[1] *662 and Section 627.736(4)(e),[2] Florida Statutes (1975).[3]
It is true that multiple coverages are required to be aggregated on uninsured motorist coverages and medical payments. See Tucker v. Government Employees Insurance Co., 288 So.2d 238 (Fla. 1973); Government Employees Insurance Company v. Sweet, 186 So.2d 95 (Fla. 4th DCA 1966); and Dyer v. Nationwide Mutual Fire Insurance Company, 276 So.2d 6 (Fla. 1973). Stacking has also been applied to underinsured motorist coverages. See State Farm Mutual Automobile Ins. Co. v. Anderson, 332 So.2d 623 (Fla. 4th DCA 1976).
The plaintiff urges that the underlying rationale of these cases is that the insured pays a separate premium for each coverage on each vehicle and, therefore, should have the benefit of each premium paid. In addition, the plaintiff cites the opinion of this court in State Farm Mut. Auto. Ins. Co. v. Castaneda, 339 So.2d 679 (Fla. 3d DCA 1976), as indicating that in the absence of the exception in the policy, personal injury protection benefits could have been aggregated.
The distinction between medical payments and uninsured motorist coverages, on the one hand, and personal injury protection benefits, on the other, lies in the statute requiring such coverages. Medical payments coverage and uninsured motorist coverage are separate benefits which are purchased by the insured for his personal benefit. On the other hand, personal injury protection benefits are a creation of the legislature enacted to limit tort suits where two insured vehicles are involved in an accident in instances where the one claiming benefits formerly would have sought recovery from the one at fault. Cf. Government Employees Insurance Co. v. Graff, 327 So.2d 88 (Fla. 1st DCA 1976). As such, the prescribed limitation of $5,000 is applicable to a single accident. Because of the clear wording of Section 627.736(1), Florida Statutes (1975), there is no question but that the total benefits are $5,000. Cf. the wording in Section 627.736(4)(e), Florida Statutes (1975), evidencing the same intent. There being no extension of this required coverage in respondent's policy, the language of the statute is the controlling element.
The holding in State Farm Mut. Auto. Ins. v. Castaneda, 339 So.2d 679 (Fla. 3d DCA 1976) is:
* * * * * *
"Under the clear terms of the policies, the Plaintiff was not covered for PIP benefits under the separate insurance policies covering the three automobiles owned by the father in which Plaintiff was not a passenger at the time of the accident."
Thus, that decision turned upon the language of the policies and did not decide the question of whether in the absence of an exception in the policies there could have been a multiple recovery. That decision noted that the question of multiple recovery *663 for personal injury protection benefits had not been decided by the courts of Florida.
We, therefore, hold that the clear language of Section 627.736(1), Florida Statutes (1975), limits recovery of personal injury protection benefits to the statutory limit of $5,000 in a single accident. The writ is granted and the decision of the circuit court is quashed and remanded for further proceedings in accordance with the views herein set forth.
It is so ordered.
NOTES
[1] Required benefits.  Every insurance policy complying with the security requirements of § 627.733 shall provide personal injury protection providing for payment of all reasonable expenses incurred for necessary medical, surgical, x-ray, dental, and rehabilitative services, including prosthetic devices; necessary ambulance, hospital, nursing services; and funeral and disability benefits to the named insured, relatives residing in the same household, persons operating the insured motor vehicle, passengers in such motor vehicle, and other persons struck by such motor vehicle and suffering bodily injury while not an occupant of a motor vehicle or motorcycle, all as specifically provided in subsection (2) and (4)(d), to a limit of $5,000 for loss sustained by any such person as a result of bodily injury, sickness, disease, or death arising out of the ownership, maintenance, or use of a motor vehicle as follows:"
[2] If two or more insurers are liable to pay personal injury protection benefits for the same injury to any one person the maximum payable shall be as specified in subsection (1), and any insurer paying the benefits shall be entitled to recover from each of the other insurers an equitable pro rata share of the benefits paid and expenses incurred in processing the claim."
[3] Under the newly-enacted Section 627.4132, Florida Statutes (Supp. 1976), which took effect October 1, 1976, and which is not applicable to the present case, personal injury protection benefits shall not be stacked.