362 So.2d 474 (1978)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Petitioner-Appellant,
v.
Floyd Dale KILBREATH et al., Respondents-Appellees.
Nos. 76-1438 and 76-1450.
District Court of Appeal of Florida, Fourth District.
September 20, 1978.
Rehearing Denied October 23, 1978.
Thomas G. Kane and James O. Driscoll of Driscoll, Baugh, Langston, Layton & Kane, Orlando, for petitioner-appellant.
William H. Roundtree, Cocoa, for respondents-appellees Kilbreath.

ON REHEARING GRANTED
ANSTEAD, Judge.
Our opinion of March 14, 1978 is hereby withdrawn. Upon reconsideration this court is of the opinion that the final judgment of the trial court should be reversed.
The Kilbreaths, father and son, instituted the present action to collect personal injury protection benefits from multiple insurance policies, after the younger Kilbreath was injured in an automobile accident in 1972. At the time, Mr. Kilbreath, the father, had four separate policies of automobile insurance with State Farm, each of which provided personal injury protection benefits. The trial court granted a summary judgment in favor of the Kilbreaths holding that State Farm was responsible for $5,000.00 on each policy for a total of $20,000.00 of coverage.
The policies of insurance involved herein specifically provided for a $5,000.00 cap per person for personal injury protection benefits regardless of the number of persons or vehicles insured or policies involved.
Section 627.736, Florida Statutes (1971) provides for a limitation of $5,000.00 on personal injury protection benefits, notwithstanding the number of automobiles insured or policies issued. Travelers Indemnity Company v. Wolfson, 348 So.2d 661 (Fla.3d DCA 1977); Chappelear v. Allstate Insurance Company, 347 So.2d 477 (Fla.1st DCA 1977); State Farm Mutual Automobile Insurance Company v. Castaneda, 339 So.2d 679 (Fla.3d DCA 1976).
Rule 4-27.06 was promulgated by the Florida Department of Insurance pursuant to the mandate contained in § 627.741(1), Florida Statutes (1971) and provides:
4-27.06 Extent of insurer's liability. As to the extent of an insurer's liability as referred to in Sections 7(1), 8(1) and 8(2) of Chapter 71-252, Laws of Florida, an *475 insurer liable to pay Personal Injury Protection Benefits under two or more policies to any one person shall be subject to a maximum as specified in Subsection 1 of Section 7 and tort exemption shall likewise be subject to a maximum as specified in Section 8.
Although not controlling, the construction placed on a statute by an administrative body charged with the responsibility for its enforcement is entitled to great weight. United States Gypsum Co. v. Green, 110 So.2d 409 (Fla. 1959); State v. Massachusetts Company, 95 So.2d 902 (Fla. 1956).
In our opinion, the legislation, the policy provisions and the regulations are all unambiguous in limiting the personal injury protection benefits involved herein to $5,000.00. Accordingly, the judgment of the trial court is reversed with directions for further proceedings in accordance with this opinion. This court's order of March 7, 1978 granting the motion for attorney's fees filed by appellees is hereby withdrawn and the motion for attorney's fees is denied.
DAUKSCH, J., concurs.
CROSS, J., concurs specially, with opinion.
CROSS, Judge, concurring specially:
On the points raised on appeal by the briefs and oral argument of counsel for the respective parties, I must concur in the majority opinion.
However, in my mind substantive constitutional questions are posed by a formulation of law that requires the citizens of this state to purchase multiple policies of personal injury protection (P.I.P.) insurance on which they are then forbidden to collect.