FRANK D. UPCHURCH, Jr., Judge.
Travelers Indemnity Company appeals from an order granting summary judgment in favor of its insured, Paula M. Gorman. Fireman’s Fund Insurance Company appeals from an order granting summary judgment in favor of its insured, Charles E. Gorman. These two cases which arose from claims for personal injury protection benefits for the same accident have been consolidated for appeal.
Robert Kirwin, the minor child of appel-lee Paula Gorman, was injured on November 1, 1979, when he, while riding a bicycle, was struck by a motor vehicle. The Gor-mans incurred medical damages totalling $13,443.10 for the child’s treatment.
Mrs. Gorman was insured by Travelers; Mr. Gorman by Fireman’s Fund. Each policy provided benefits up to a limit of $10,-000. Travelers and Fireman’s Fund each paid $5,000 and contend that the $10,000 thus paid is the maximum they are obligated to pay as provided in section 627.736(1) and (4)(e), Florida Statutes (1979). In ruling in favor of the Gormans, the trial court held that the two policies could be “stacked” thus providing for an aggregate total of $20,000 in PIP benefits.
The two insurance policies involved here contain the following provision:
Regardless of the number of persons insured, policies or bonds applicable, vehicles involved or claims made, the total aggregate limit of personal injury protection benefits available under the Florida Automobile Reparations Reform Act, as amended, from all sources combined, including this policy, for all loss and expense incurred by or on behalf of any one person who sustains bodily injury as a result of any one accident shall be $10,-000.... [1]
*1148 Section 627.419, Florida Statutes (1979), provides that every insurance contract shall be construed according to the entirety of its terms and conditions as set forth in the policy and as amplified, extended or modified by any application or any rider or endorsement. The insurance contract thus determines the conditions and limits of coverage unless its provisions are contrary to law. Atkins v. Bellefonte Ins. Co., 342 So.2d 837 (Fla.3d DCA 1977).
As was noted above, the two policies involved provide for an aggregate limit of $10,000 of PIP benefits. The Gormans, however, claim that these provisions conflict with section 627.4132, Florida Statutes (1979), which they contend allows them to stack the coverage from the two policies for an aggregate limit of $20,000.
Section 627.4132 provides as follows:
If an insured or named insured is protected by any type of motor vehicle insurance policy for liability, uninsured motorist, personal'injury protection, or any other coverage, the policy shall provide that the insured or named insured is protected only to the extent of the coverage he has on the vehicle involved in the accident. However, if none of the insured’s or named insured’s vehicles is involved in the accident, coverage is available only to the extent of coverage on any one of the vehicles with applicable coverage. Coverage on any other vehicles shall not be added to or stacked upon that coverage. This section shall not apply to reduce the coverage available by reason of insurance policies insuring different named insureds. (Emphasis added).
The Gormans contend that the last sentence of section 627.4132 applies because the two policies were issued to different named insureds and therefore the total coverage of $20,000 cannot be reduced.
However, section 627.736 provides:
(1) Required benefits. — Every insurance policy complying with the security requirements of s.627.733 shall provide personal injury protection providing for payment of all reasonable expenses incurred for necessary medical, surgical, X-ray, dental, and rehabilitative services, including prosthetic devices; necessary ambulance, hospital, and nursing services; and funeral and disability benefits to the named insured, relatives residing in the same household, persons operating the insured motor vehicle, passengers in such motor vehicle, and other persons struck by such motor vehicle and suffering bodily injury while not an occupant of a self-propelled vehicle, all as specifically provided in subsection (2) and paragraph (4)(d), to a limit of $10,000 for loss sustained by any such person as a result of bodily injury, sickness, disease, or death arising out of the ownership, maintenance, or use of a motor vehicle....
******
(4)(e) If two or more insurers are liable to pay personal injury protection benefits for the same injury to any one person, the maximum payable shall be as specified in subsection (1), and any insurer paying the benefits shall be entitled to recover from each of the other insurers an equitable pro-rata share of the benefits paid and expenses incurred in processing the claim. (Emphasis added.)
While the wording “the maximum payable” in subsection (4)(e) might be construed as the “maximum payable by any insurer,” we cannot logically come- to this conclusion. To do so would in effect say that subsection (4)(e) has no purpose because the maximum payable in any event by an- insurer would be $10,000, the maximum coverage afforded by the policy. Therefore, we must conclude that the Legislature has specifically limited the amount payable for the injury to $10,000.[2]
While the rationale for this statute may be apparent to those who understand and are comfortable with the esoteric field of insurance risk prediction, it is not to us. *1149 The Gormans each bought and paid for insurance covérage. Each policy, standing alone, covered the first $10,000 of their child’s injuries but because of subsection (4)(e), the conclusion is mandated that a total of $10,000 is all they can recover. But, because they each purchased coverage, the carriers’ liability is diminished. Although we cannot justify this conclusion, we cannot interpret the statute and policy in any other manner.
REVERSED.
DAUKSCH, C. J., and ORFINGER, J., concur.

. The limit in the Fireman’s Fund policy is listed as $5,000; however, the insurance company stipulated that the limit had been increased to $10,000.

. See also Farm Mutual Auto. Ins. Co. v. Kil-breath, 362 So.2d 474 (Fla. 4th DCA 1978); Travelers Indemnity Co. v. Wolf son, 348 So.2d 661 (Fla. 3d DCA 1977).