BARKDULL, Judge.
While Mitchell, a real estate salesman, was employed by Frederich, a broker, he obtained an exclusive right of sale agreement as to certain property. Thereafter, Frederich closed his office which terminated Mitchell’s employment as a real estate salesman. Several years later the said property was sold, not through the efforts of Frederich or Mitchell. However, because of the exclusive right of sale agreement, Frederich received $50,000.00 in accordance with the agreement, whereupon Mitchell made a demand for his share of the funds received by Frederich. Frederich denied the right of Mitchell to seek recovery citing Section 475.42 Florida Statutes (1979) as a bar.
After the cause was at issue, the court entered a pretrial order which reads in part as follows:
“ORDER AND ADJUDGE:
1. That the Plaintiff’s Motion for determination that the Agreement dated May 7, 1973 and the Amendment dated December 26,1973 is an “Exclusive Right of Sale”, be and the same is hereby granted.”
After trial, the court entered the following judgment:
“THIS CAUSE was heard without a jury, on the issue framed in this Court’s Order dated June 3,1982, to wit: “Whether the application of Florida Statute 475.42 to the exclusive right of sale prevents the Plaintiff from receiving his sixty percent (60%) of the total commission that the Defendant received from the Seller, on a date after the date of termination by the Broker of the Plaintiff’s association with Defendant.” The Court having heard the testimony of the parties and of their witnesses, finds for the Plaintiff on the issue that was tried.
Judgment in the amount of $5,000.00 be and the same is hereby entered against the Defendant, WALTER FREDERICH, plus costs, which shall be separately taxed.
The evidence is without dispute that the contract between the broker and his salesman was that a salesman who procured an exclusive right of sale listing would be entitled to 60% of that which the broker received. Section 475.42 Florida Statutes (1979) cannot prevent Mitchell as a salesman from receiving the benefit of the commission to be paid under the exclusive right of sale agreement which he negotiated simply because he is no longer in the employ of the broker, through no fault of either of the parties.[1]
We modify the final judgment under review by hereby increasing the $5,000.00 award to $30,000.00.[2] The relief sought by the cross-appeal is denied. Therefore, the final judgment as modified here and above is affirmed.

. There was expert evidence from the Board of Real Estate of the State of Florida that their administrative interpretation of Section 475.42 Florida Statute (1979) would not prohibit recovery. Although it is not bound thereby, the court may consider the interpretation placed on a statute by a state administrative agency. State, Department of Health & Rehabilitative Services v. Hall, 409 So.2d 193 (Fla. 3d DCA 1982); State Farm Mutual Automobile Insurance Company v. Kilbreath, 362 So.2d 474 (Fla. 4th DCA 1978); City of Waldo v. Alachua County, 239 So.2d 66 (Fla. 1st DCA 1970), modified 249 So.2d 419 (Fla.1971).

. This holding, that rights accrued under an exclusive right of sale agreement, survive the termination of the broker-salesman relationship, may not be the rule as to a general or exclusive listing, which may in fact, terminate upon the end of the relationship, depending on the agreement of the parties or the parties or the local custom in the trade.