(623 P 2d 524)
No. 50,817

RAYMOND L. KRESYMAN, for himself, as the father and next friend of his minor son, STEVEN KRESYMAN, *Appellant,* v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, *Appellee.*

Petition for review denied April 13, 1981.

Opinion filed January 30, 1981.

*C. A. Menghini,* of Menghini & Menghini, of Pittsburg, for appellant.

*Douglas G. Hudson,* of Hudson, Hudson & Mullies, of Fort Scott, for appellee.

Before ABBOTT, P.J., REES and PARKS, JJ.

REES, J.: Plaintiff Steven Kresyman, a minor, appeals from the judgment entered against him after trial to the court of this action brought for the recovery of personal injury protection medical benefits.

Plaintiff's injury was the result of the June 13, 1975, collision of an automobile owned and driven by one Eva Bower and a 1974 Honda two-wheel 2.5 horsepower motor-driven cycle, a "mini-bike," owned and driven by plaintiff. Immediately before and at the time of the accident, both vehicles were traveling on a Cherokee County road, a highway (K.S.A. 8-126[s]), that passed the farm where plaintiff resided as a member of his parents' household.

No certificate of title for the mini-bike had been applied for or issued. It was not a motor vehicle registered under our registration of vehicles statutes, K.S.A. 8-126 *et seq.*—it bore no license plate. Had application been made, it could not have been registered because it was not equipped as required by K.S.A. 8-1801 *et seq.* It was not the insured vehicle under any motor vehicle liability insurance policy.

The mini-bike had not been structurally altered nor had equipment been added or removed since its first sale by the manufacturer's retail dealer. The manufacturer's statement of origin recites the vehicle was not manufactured for use on public streets, roads or highways.

Plaintiff's father, Raymond L. Kresyman, was the owner of four motor vehicles, each of which was the insured vehicle under a

separate automobile liability policy issued by defendant. The PIP endorsements to the four policies are identical. They provide PIP coverage as required by the No-Fault Act, K.S.A. 1980 Supp. 40-3101 *et seq.* The medical benefits limit under each is $2,000. Plaintiff incurred medical expenses exceeding $14,000. He brought this action seeking recovery of $8,000, claiming entitlement to stacked PIP benefits under his father's policies.

Whether PIP benefits may be stacked was not an issue reached or addressed by the trial court. However, the question is now resolved. See *Davis v. Hughes,* 229 Kan. 91, 622 P.2d 641 (1981); *McNemee v. Farmers Insurance Group,* 228 Kan. 211, 612 P.2d 645 (1980). PIP benefits cannot be stacked under the facts of this case. Accordingly, we treat this appeal as if there is but one policy involved.

Did the trial judge err in his decision that the plaintiff is not entitled to payment of PIP medical benefits? We conclude he did not.

By the act and the endorsement, the relevant obligation of the defendant is to pay PIP benefits for bodily injury resulting from an accident arising out of the use of a motor vehicle (K.S.A. 1980 Supp. 40-3103[*i*]) sustained in this state by a relative of Raymond L. Kresyman residing in the same household while occupying a motor vehicle "if the relative at the time of the accident is not himself the owner of a motor vehicle with respect to which a motor vehicle liability insurance policy is required by [the] act." K.S.A. 1980 Supp. 40-3109(*a*)(3).

As used in the act and insofar as is applicable, the phrase " 'Motor vehicle' means every self-propelled vehicle of a kind required to be registered in this state." K.S.A. 1980 Supp. 40-3103(*m*). The endorsement definition is identical.

We assume the Bower automobile was duly registered. Nothing is shown to the contrary. The existence of statutorily mandated insurance coverage with respect to its operation is presently immaterial.

Plaintiff's resulting injury arose out of use of the Bower automobile. No argument is made and we perceive none could be made that it was not a motor vehicle under the K.S.A. 1980 Supp. 40-3103(*m*) definition. The "arising out of use" element of defendant's obligation is satisfied whether or not the mini-bike was within the act definition.

Plaintiff's injury was injury sustained in this state by a relative of Raymond L. Kresyman residing in the same household.

It is not argued that plaintiff was not occupying the mini-bike. He was. What more could there be to render him an occupant? Furthermore, and although not appearing of record, we understand the endorsement referral to the definition of "occupying" appearing in the liability sections of the policy leads to the definition "in or upon." Plaintiff was injured while occupying the mini-bike.

A limitation of the scope of defendant's obligation to pay a relative of Raymond L. Kresyman is that the injury-causing accident occur at a time when the relative is not himself the owner of a motor vehicle with respect to which a motor vehicle liability insurance policy is statutorily required. K.S.A. 1980 Supp. 40-3104(*a*) discloses, insofar as we now are concerned, motor vehicle liability insurance is required with respect to any vehicle within the K.S.A. 1980 Supp. 40-3103(*m*) definition. Thus, the dispositive issue is reached. Was the mini-bike a vehicle "of a kind required to be registered in this state?"

In the vehicle registration statutes in effect at the time appeared the following definitions:

"(*a*) 'Vehicle.' Every device in, upon or by which any person   .   .   .   is or may be transported   .   .   .   upon a public highway   .   .   .   .

"(*b*) 'Motor vehicle.' Every vehicle, as herein defined, which is self-propelled." K.S.A. 8-126.

The mini-bike is a motor vehicle under K.S.A. 8-126(*b*) definition; it is a self-propelled device upon which a person may be and was transported upon a public highway.

Regarding registration, the following appears in K.S.A. 8-127(*a*):

"Every owner of a motor vehicle   .   .   .   intended to be operated upon any highway in this state   .   .   .   shall, before any such vehicle is operated in this state, apply for and obtain registration   .   .   .   ."

It is with respect to this statutory direction that plaintiff makes his material argument. He argues the mini-bike was not "of a kind required to be registered in this state" because the mini-bike was not intended to be operated upon any highway in this state.

In our view, plaintiff mistakenly fails to take into account the K.S.A. 8-142 provision that "[i]t [is] unlawful for any person   .   .   .   [t]o operate, or for the owner thereof knowingly to

permit the operation, upon a highway of any vehicle, as defined in K.S.A. 8-126, which is not registered . . . ."

Reading K.S.A. 8-127(*a*) and K.S.A. 8-142 together and giving them both effect, as must be done, it is clear to us that the essence of their direction is that a motor vehicle operated upon a highway is to be registered, with the registration to be obtained before such operation. Various other statutory provisions within the motor vehicle laws and the act provide exceptions and exemptions but they play no role in this case. The "intended to be" wording of K.S.A. 8-127(*a*) is not an element in the definition of a motor vehicle "of a kind required to be registered in this state."

By operation of K.S.A. 8-127(*a*) and K.S.A. 8-142, the mini-bike, a self-propelled device transporting a person while being operated on a highway in this state, was a vehicle with respect to which a motor vehicle liability insurance policy was required by the act. This being so, plaintiff's injury was beyond the scope of defendant's obligation to pay PIP medical benefits.

We caution that our decision must not be read too broadly. In this case, the accident occurred at a time when the mini-bike was operated on a public highway and the extent of our holding is that at that time it was a motor vehicle with respect to which a motor vehicle liability insurance policy was statutorily required.

We have considered the various other issues set forth by plaintiff on appeal. Reiteration would be of no material benefit to the disinterested reader but we will make brief reference to them for the possible benefit of the parties.

The correspondence exchanged by defendant and plaintiff's counsel do not include binding admissions compelling judgment in favor of plaintiff.

The exclusions authorized by K.S.A. 1980 Supp. 40-3108 and made a part of defendant's endorsement are immaterial except as to the stacking question.

We have not relied upon the substantial evidence rule. The case was tried on a stipulation of facts and the testimony of two witnesses. The witnesses' testimony adds nothing to the stipulation and our statutes.

The trial judge did not err. Affirmed.