(785 P.2d 180)
No. 63,585

Roger Shumaker, *Appellee*, v. Farm Bureau Mutual Insurance Company, Inc., *Appellant*.

Opinion filed January 12, 1990.

*Paul Hasty, Jr.*, and *Bradley S. Russell*, of Wallace, Saunders, Austin, Brown & Enochs, Chtd., of Overland Park, for appellant.

*Cathleen M. Reeder*, of Bryan, Lykins, Hejtmanek & Wulz, P.A., of Topeka, for appellee.

Before Davis, P.J., Rees and Elliott, JJ.

Elliott, J.: Farm Bureau Mutual Insurance Company, Inc., (Farm Bureau) brings an interlocutory appeal from the trial court's ruling that plaintiff Roger Shumaker (Shumaker) was entitled to uninsured motorist and personal injury protection (PIP) benefits for injuries sustained while a passenger in an uninsured dune buggy.

We reverse.

Plaintiff was injured while a passenger in a dune buggy owned and operated by Keith Weckworth; the accident occurred "off road" on private property. The dune buggy had no doors, sides, or top, but was equipped with roll bars, head and tail lights, brakes, seat belts, and ordinary street tires. It did not have brake lights, turn signals, a windshield, an odometer, a speedometer, a horn, a hood, or a gas gauge. The dune buggy was neither licensed nor registered as an automobile or highway vehicle. And, of course, Weckworth had no insurance on the dune buggy.

On the day of the accident, Weckworth drove the dune buggy from his house to a private, off-road pasture. To get there, he drove a short distance (about three blocks) on a public roadway. He had followed this route before. Weckworth never drove the

buggy to work and never used it for any purpose other than off-road recreation.

Initially, plaintiff wanted Weckworth to say the accident occurred on his own land so a claim could be made against Weckworth's homeowner's policy. The idea was rejected, and, instead, plaintiff filed the present claim against his own automobile carrier.

With respect to PIP benefits, plaintiff's policy covered bodily injury resulting from the use of a motor vehicle, defined as a land motor vehicle of a kind required to be registered. The uninsured motorist portion of plaintiff's policy defined uninsured vehicle to exclude any vehicle "designed mainly for use off public roads while not upon public roads."

On cross-motions for summary judgment, the trial court ruled that the dune buggy was a "motor vehicle" and that plaintiff was entitled to PIP benefits and uninsured motorist coverage under his Farm Bureau policy.

The present appeal squarely presents the question left unanswered in *Kresyman v. State Farm Mut. Auto. Ins. Co.*, 5 Kan. App. 2d 666, 623 P.2d 524, *rev. denied* 229 Kan. 670 (1981), where we held that a "mini-bike," while being operated on a public highway, was a vehicle with respect to which insurance was required. 5 Kan. App. 2d at 669.

We also stated:

"We caution that our decision must not be read too broadly. *In this case*, the accident occurred at a time when the mini-bike *was operated on a public highway* and the extent of our holding is that *at that time* it was a motor vehicle with respect to which a motor vehicle liability insurance policy was statutorily required." 5 Kan. App. 2d at 669. (Emphasis added.)

Farm Bureau relies heavily on *Kansas Farm Bureau Ins. Co. v. Cool*, 205 Kan. 567, 471 P.2d 352 (1970), which is factually very similar to the present case, but which was decided prior to the adoption of the Kansas Automobile Injury Reparations Act, K.S.A. 40-3101 *et seq.*

Plaintiff Shumaker, on the other hand, argues that the dune buggy is a motor vehicle because K.S.A. 8-126 defines a vehicle as any device in which a person is *or may be* transported on a public roadway. And, goes plaintiff's argument, because a person—namely plaintiff—may be transported on a public roadway in Weckworth's dune buggy (and in fact, was for a short distance),

the dune buggy is a motor vehicle requiring PIP and uninsured motorist coverage for the off-road accident.

The Kansas statute, 8-126, defining vehicle as a device in which a person is or may be transported on a public highway, is similar to the Arizona statute defining vehicle. See Ariz. Rev. Stat. Annot. § 28-101(59) (1989). And, Arizona has faced a question similar to the one we now resolve—there, an off-road accident involving a golf cart. *Chase v. State Farm Mut. Auto. Ins. Co.*, 131 Ariz. 461, 641 P.2d 1305 (Ariz. App. 1982). In *Chase*, as here, the policy defined uninsured motor vehicle to *exclude* a vehicle designed for use primarily off public roads except while actually being used on public roads. 131 Ariz. at 462. The Arizona court held that automobile insurance does not cover injuries caused by equipment designed primarily for off-road use while actually being operated off road. Because coverage for operation of a golf cart resulting in an accident off the public highway was neither required nor prohibited by Arizona's uninsured motorist act or safety responsibility act, the *Chase* court ruled the exclusion of such off-road accidents is a matter of contract between the insurer and the insured. *Chase v. State Farm Mut. Auto. Ins. Co.*, 131 Ariz. at 468.

We do not read our own no-fault law or uninsured motorist law to either require or prohibit coverage for *off-road accidents* caused by the *off-road operation* of a device designed primarily for use off road. Accordingly, the question becomes one of contract between the insurer and the insured. See *Kansas Farm Bureau Ins. Co. v. Cool*, 205 Kan. 567, 471 P.2d 352 (1970).

Common sense also supports our conclusion. Devices designed primarily for use off road, while actually being used off road for recreational or sporting activities (rather than for transportation of people on a public highway), simply pose a greater risk of injury. Insurance companies should not be expected to insure such greater risks at the same rate associated with the "normal" use of such devices for on-road transportation purposes.

We hold, therefore, that under the facts of this case plaintiff was not entitled to PIP coverage and was not entitled to uninsured motorist coverage for the off-road accident.

Reversed.