No. 48,122

DARLENE E. WELCH, formerly known as DARLENE E. LAMBERT, *Appellant,* v. HARTFORD CASUALTY INSURANCE COMPANY, formerly known as CITIZENS INSURANCE COMPANY OF NEW JERSEY, an insurance corporation, *Appellee,* and DORIS A. MAJETTE, *Appellee.*

(559 P. 2d 362)

Opinion filed January 22, 1977.

*Jan W. Leuenberger,* of Glenn, Cornish & Leuenberger, of Topeka, argued the cause, and *Henry J. Schulteis,* of the same firm, was with him on the brief for the appellant.

*Donald Patterson,* of Fisher, Patterson, Sayler & Smith, of Topeka, argued the cause and was on the brief for appellee Hartford Casualty Insurance Co., formerly known as Citizens Insurance Company of New Jersey.

*L. Patricia Casey,* of Topeka, was on the brief for appellee Doris A. Majette.

The opinion of the court was delivered by

FROMME, J.: This appeal is on the question of whether an insured injured party covered by two insurance policies, each providing uninsured motorist coverage mandated by K. S. A. 40-284, is entitled to receive a total of $30,000.00 on the two policies when the actual damages caused by the fault of the uninsured motorist were only $20,000.00. The question is purely one of law for the findings of fact made by the trial court were accepted by the parties.

In the interest of brevity we summarize the court's findings in order to present the facts necessary to examine the question.

At all times material defendant, Hartford Casualty Insurance Company (Hartford), had in force a policy of insurance with Darlene E. Lambert, who now is Darlene E. Welch, by marriage. The vehicle insured was a 1964 Chevrolet automobile. The maximum coverage of $20,000.00 was provided under an uninsured motorist provision in the policy covering bodily injury. The premiums for said policy were fully paid by Darlene E. Welch.

On or about January 1, 1972, at or near the 3800 block on South Topeka Blvd., Topeka, Kansas, plaintiff Darlene E. Welch was injured while riding as a passenger in a 1970 Ford LTD automobile operated by Dean L. Welch. This vehicle was owned by Dale Sharp Motors, Inc., and the vehicle was insured under a policy issued by Trinity Universal Insurance Company (Trinity) which policy afforded a maximum of $10,000.00 uninsured motorist coverage. Dale Sharp had paid all premiums on said policy.

While the Dale Sharp car was proceeding in a northerly direction on Topeka Blvd., an uninsured motor vehicle driven by Doris A. Majette negligently turned in front of the vehicle in which plaintiff was riding and as a result plaintiff was injured and damaged. The sole proximate cause of the collision which brought about plaintiff's injuries and damages was the negligence of Doris A. Majette, who was at said time and place an uninsured motorist within the meaning of that term in both the Hartford and the Trinity policies. As a proximate result of the collision Darlene E. Welch is legally entitled to damages from Doris A. Majette in the

sum of $20,000.00, which amount covers all injuries received by Darlene E. Welch.

By reason of medical coverages provided in the two policies plaintiff was paid $1,000.00 by Hartford, and $2,829.20 by Trinity. No question is raised in this case concerning medical payments.

Prior to bringing the present action, plaintiff made claim against and collected from Trinity the sum of $10,000.00 under the uninsured motorist coverage in the Trinity policy for damages suffered by her in the accident of January 1, 1972. The damages for which plaintiff made claim against Trinity and for which she makes claim against the defendant Hartford in this case arose from the same accident and were caused by the same uninsured motorist, Doris A. Majette.

Proper service was had in the action and jurisdiction of the court attached to both defendants, Hartford and Doris A. Majette.

The trial court determined that the amount of plaintiff's damages was $20,000.00, that she had already collected $10,000.00 on her claim against Trinity and that she was entitled to $10,000.00 and costs on her claim against Hartford. The court further determined that Hartford, on its third-party petition, was entitled to a judgment of indemnity against Doris A. Majette upon payment of the $10,000.00 judgment in favor of plaintiff, Darlene E. Welch.

Plaintiff appeals and claims as a matter of law that she is entitled to recover the full amount of her damages, $20,000.00, under the uninsured motorist coverage provided by Hartford and for which she has paid a premium, regardless of any amount previously received from Trinity. If appellant is correct in her position she will receive $20,000.00 from Hartford in addition to the $10,000.00 received from Trinity, or a total of $30,000.00 when her actual damages amounted to only $20,000.00.

Appellant argues that uninsured motorist coverage under K. S. A. 40-284 is a contract benefit to be paid. When two separate coverages are contracted for and two premiums are paid the insured is entitled to receive the benefits for which separate premiums were paid. Appellant contends she is entitled to receive up to $20,000.00, the amount of her damages, on each of the policies.

On the other hand, appellee Hartford contends the purpose of the uninsured motorist coverage is to fill a gap in compulsory motor vehicle responsibility coverage and is intended to provide recompense to innocent persons for injuries they receive through the wrongful conduct of an uninsured motorist. Hartford main-

tains a person injured by an uninsured motorist may not recover more than her total damages, regardless of the number of policies issued.

Accordingly it becomes necessary for us to examine provisions of K. S. A. 40-284 which mandate uninsured motorist coverage.

The statute provides in part:

"No automobile liability insurance policy covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state, unless the policy contains or has endorsed thereon, a provision with coverage limits not less than the limits for bodily injury or death set forth in K. S. A. 1967 Supp. 8-729, *providing for payment of part or all sums which the insured or his legal representative shall be legally entitled to recover as damages from the uninsured owner or operator of the motor vehicle because of bodily injury,* sickness or disease, including death, resulting therefrom, *sustained by the insured,* caused by accident and arising out of ownership, maintenance or use of such motor vehicle, or providing for such payment irrespective of legal liability of the insured or any other person or organization. . . ." (Emphasis supplied.)

The policy contract issued to appellant by Hartford to comply with the mandate of the above statute provided:

"The company will pay all sums which the insured or his legal representative shall be *legally entitled to recover as damages* from the owner or operator of an uninsured highway vehicle because of bodily injury sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured highway vehicle; . . ." (Emphasis supplied.)

This court on previous occasions has inquired into the nature and extent of uninsured motorist coverage mandated by the statute. In *Sturdy v. Allied Mutual Ins. Co.,* 203 Kan. 783, 457 P. 2d 34, Sturdy owned two automobiles which were insured in one policy issued by Allied Mutual. He paid two premiums for uninsured motorist coverage, one on each automobile for $10,000.00 coverage. Sturdy was injured by an uninsured motorist while riding a motorcycle. The amount of his damages was arbitrated and fixed at $20,000.00. It was held in *Sturdy* the amount of coverage available under the policy by reason of payment of two premiums was $20,000.00. It should be noted that the total coverage available did not exceed the amount of the insured's damages.

In *Rosson v. Allied Mutual Ins. Co.,* 203 Kan. 795, 457 P. 2d 42, Rosson owned two cars and paid two premiums for uninsured motorist coverage to Allied Mutual. The amount of his damages caused by an uninsured motorist was determined and fixed by arbitration at $14,053.15. Two premiums were paid for coverage

of $10,000.00 on each automobile. Allied Mutual paid Rosson $10,000.00 which was the coverage on one automobile. Rosson sued to recover an additional $10,000.00 on the coverage under the second automobile. This court held Rosson was entitled to recover the additional sum of $4,053.15 instead of the $10,000.00 he had claimed. No specific basis for limiting the recovery was given in the opinion except to quote the provision in the policy for payment of the damages for bodily injury caused by an uninsured motorist. The policy provision quoted in *Rosson* is identical to the provision contained in the present Hartford policy and reads:

"'To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury . . .'" (p. 796.)

Another case bearing upon the question was *Clayton v. Alliance Mutual Casualty Co.*, 212 Kan. 640, 512 P. 2d 507, reh. den. 213 Kan. 84, 515 P. 2d 1115, in which this court held the other insurance clause, the consent to sue clause and other clauses in the policy which attempted to limit and dilute the uninsured motorist coverage mandated by K. S. A. 1972 Supp. 40-284 (now K. S. A. 40-284) were void. In *Clayton* it is stated:

"Where more than one insurance policy containing uninsured motorist coverage exists with respect to an injury, an insurer's liability may not be limited by policy provisions to the amount of recovery under one policy; each insurance policy carries its own liability for which a premium was paid as consideration, and the insured may 'stack' coverage *up to the full amount of damages sustained.*" (Syl. 2. Emphasis supplied.)

However, in *Clayton* the damages suffered exceeded the collective amount of the stacked coverage and the question in our present case was not squarely presented.

In *Winner v. Ratzlaff*, 211 Kan. 59, 505 P. 2d 606, this court pointed out:

"The purpose of legislation mandating the offer of uninsured motorist coverage is to fill the gap inherent in motor vehicle financial responsibility and compulsory insurance legislation and this coverage is intended to provide recompense to innocent persons who are damaged through the wrongful conduct of motorists who, because they are uninsured and not financially responsible, cannot be made to respond in damages." (Syl. 1.)

In *Winner* we examined wording in a policy similar to that in our present case which comports with the wording of the uninsured motorist coverage statute and stated:

"The words 'legally entitled to recover as damages', contained in K. S. A.

1972 Supp. 40-284 [now K. S. A. 40-284], are construed to mean that the insured must be able to establish fault on the part of the uninsured motorist which gives rise to the damages and to prove the extent of those damages." (Syl. 3.)

In examining the intent of the legislature we said in *Forrester v. State Farm Mutual Automobile Ins. Co.,* 213 Kan. 442, 517 P. 2d 173:

"The intent of the legislature in requiring the mandatory offering of uninsured motorist coverage was to insure that those insured under the contract of insurance would be protected generally against injuries caused by motorists who are uninsured and that such protection would complement the liability coverage." (Syl. 3.)

In the recent case of *Van Hoozer v. Farmers Insurance Exchange,* 219 Kan. 595, 549 P. 2d 1354, we examined the statute and stated:

". . . Uninsured motorist coverage was developed as a means of protecting the non-negligent motorist where the tortfeasor is uninsured. The typical clause provides a motorist who carries a standard automobile liability policy with *rights* against his own insurance company *equal to those* he would have against the uninsured tortfeasor. . . ." (p. 600. Emphasis supplied.)

It appears on reading our previous uninsured motorist cases including *Rosson v. Allied Mutual Ins. Co.,* supra, that the phrase "legally entitled to recover" in the statute refers to the extent of the damages caused by the fault of the uninsured motorist, that an insured may "stack" coverages to obtain the recompense for said damages, but that the total amount to be received from stacked coverages should not exceed the full amount of damages sustained.

Other jurisdictions considering the question here being considered have concluded recovery should be limited to the actual amount of damages. See *Geyer v. Reserve Insurance Company,* 8 Ariz. App. 464, 447 P. 2d 556; *Sellers v. United States Fidelity & Guaranty Co.,* (Fla.) 185 So. 2d 689; and cases collected in an annotation appearing in 28 A. L. R. 3rd 551.

We have examined the cases cited by appellant in support of her position and although certain statements set forth appear favorable to such a position they are not persuasive. In each case relied on the amount of the actual damages exceeded the collective coverages available. The insured was not seeking to recover an amount in excess of the actual damages in any of the cases cited.

We hold where more than one insurance policy provides uninsured motorist coverage with respect to damages sustained in a single accident caused by fault on the part of an uninsured motorist the insured injured party may "stack" coverages up to

but not more than the full amount of the damages sustained. An insured injured party covered by one or more policies providing uninsured motorist coverage mandated by K. S. A. 40-284 is entitled to recover the same amount he or she would have recovered if the offending uninsured motorist had maintained adequate liability insurance, provided the collective coverages available are equal to or exceed the full amount of the damages.

Judgment affirmed.