No. 51,713

DONALD R. MCNEMEE, *Appellant,* v. FARMERS INSURANCE GROUP, and FARMERS INSURANCE CO., INC., and MID-CENTURY INSURANCE CO., *Appellees.*

(612 P.2d 645)

Opinion filed June 14, 1980.

*Muriel Andreopoulos,* of Kansas City, argued the cause, and *James Yates,* also of Kansas City, was with her on the brief for the appellant.

*Terry Fitzgerald,* of McAnany, Van Cleave & Phillips, P.A., of Kansas City, argued the cause and was on the brief for the appellees.

The opinion of the court was delivered by

FROMME, J.: This is a direct appeal by plaintiff, Donald R. McNemee, from an order of the district court upholding an exclusion in policies covering nonoccupied vehicles as authorized by K.S.A. 1979 Supp. 40-3108(*a*). The exclusion precludes "stacking" medical personal injury protection (PIP) benefits.

To obtain insurance loss payments on duplicate coverages is often referred to as "stacking," and the word stacking refers to the ability of an insured to recover under two or more endorsements for a single loss suffered by the insured.

The facts of this case were stipulated by the parties. Highly

summarized they are as follows: The plaintiff-insured owned three vehicles, a 1972 Ford van, a 1972 Chevrolet carry-all, and a 1972 Pontiac automobile. Plaintiff obtained three separate insurance policies. All policies contained identical PIP endorsements. Plaintiff was involved in an accident while driving the 1972 Ford van. The van was insured by the Truck Insurance Exchange. Plaintiff filed a claim and was paid the maximum $2,000.00 under the coverage provided in the policy for PIP medical expenses. The total medical expenses incurred by plaintiff totaled over $17,000.00. The plaintiff filed this action to collect PIP medical payments on the two other policies covering the nonoccupied vehicles, the 1972 Chevrolet carry-all and the 1972 Pontiac automobile. The trial court denied recovery and upheld an exclusion in the policies which precluded duplicate payments of PIP benefits.

The plaintiff-appellant, who is the named insured in all three policies, reasons that he paid premiums on all three policies, although no specific premium was charged for PIP medical coverage, and he should be entitled to payments under all policies. His medical expenses exceeded the total of the coverages under all three policies. The plaintiff's argument is based upon the reasoning in the following analogous cases which involve the uninsured motorist coverage mandated by K.S.A. 40-284. *Sturdy v. Allied Mutual Ins. Co.,* 203 Kan. 783, 457 P.2d 34 (1969); *Clayton v. Alliance Mutual Casualty Co.,* 212 Kan. 640, 512 P.2d 507, *reh. denied* 213 Kan. 84, 515 P.2d 1115 (1973); *Forrester v. State Farm Mutual Automobile Ins. Co.,* 213 Kan. 442, 517 P.2d 173 (1973); *VanHoozer v. Farmers Insurance Exchange,* 219 Kan. 595, 549 P.2d 1354 (1976); *Welch v. Hartford Casualty Ins. Co.,* 221 Kan. 344, 559 P.2d 362 (1977).

On the other hand, the insurance companies in supporting the court's decision rely on a policy exclusion contained in each PIP endorsement attached to the three policies, and which reads:

"Exclusions

"This coverage does not apply:

"(a) to bodily injury sustained by the named insured or any relative while occupying any motor vehicle owned by the named insured which is not *an insured motor vehicle;*" Emphasis supplied.

In a subsequent paragraph in this endorsement appear certain definitions; included is the following:

" '[I]nsured motor vehicle' means a motor vehicle of which the named insured is the owner and with respect to which (a) the bodily injury liability insurance *of the policy* applies and for which *a specific premium is charged,* and (b) the named insured is required or has elected to maintain security required under the Kansas Automobile Injury Reparations Act;" Emphasis supplied.

The defendant companies point to K.S.A. 1979 Supp. 40-3108(*a*) which authorizes this and other exclusions as follows:

"Any insurer may exclude benefits required by subsection (*f*) of section 7 [40-3107] of this act: (*a*) For injury sustained by the named insured and relatives residing in the same household while occupying another motor vehicle owned by the named insured and not insured under the policy, or for injury sustained by any person operating the insured motor vehicle without the expressed or implied consent of the insured."

As to uninsured motorist coverage this court has held, when an injured person fits the definition of "insured" in more than one policy he may "stack" one uninsured motorist endorsement upon another and recover from each successively until the total of the limits of liability of all endorsements is exhausted or until the damages have been compensated. *Welch v. Hartford Casualty Ins. Co.,* 221 Kan. 344.

It is apparent that the policy exclusion with which we are concerned in the present case was inserted in the endorsement to prevent the "stacking" of coverages and that the exclusion is authorized by the statute. The question in this case is whether "stacking" of PIP medical benefits is permitted. We hold that it is not. Any insurer may exclude benefits required by the Kansas Automobile Injury Reparations Act: For injury sustained by the named insured and relatives residing in the same household while occupying another motor vehicle owned by the named insured and not insured under the policy, or for injury sustained by any person operating the insured motor vehicle without the expressed or implied consent of the insured. When, as in the present case, the exclusion has been inserted in a PIP endorsement, the exclusion is binding on the parties. The exclusion is authorized by statute and governs the extent of personal injury protection benefits recoverable when inserted in an insurance contract.

We are not alone, for many states requiring personal injury protection benefits do not permit "stacking." See *State Farm Mut. Auto. Ins. Co. v. Castaneda,* 339 So. 2d 679 (Fla. Dist. Ct. App. 1976); *Ga. Casualty &c. Co. v. Waters,* 146 Ga. App. 149, 246

S.E.2d 202 (1978); *Guerrero v. Aetna Cas. & Sur. Co.,* 575 S.W.2d 323 (Tex. Civ. App. 1978); *Yarmuth v. Government Emp. Ins. Co.,* 286 Md. 256, 407 A.2d 315 (1979).

It is noteworthy that the State of Florida has a provision in its PIP statute, section 627.736(2)(a), which authorizes an exclusion to prevent "stacking" of PIP benefits and which is identical to the exclusion provided in our statute, K.S.A. 1979 Supp. 40-3108(*a*).

Appellant calls our attention to *Wasche v. Milbank Mut. Ins. Co.,* 268 N.W.2d 913 (Minn. 1978), and *Van Tassel v. Horace Mann Mutual Ins. Co.,* 296 Minn. 181, 207 N.W.2d 348 (1973). The *Van Tassel* case was relied on by our court in *Clayton v. Alliance Mutual Casualty Co.,* 212 Kan. at 650, to justify "stacking" of uninsured motorist coverages based on what the court determined to be public policy reasons. However, the legislature has declared a different public policy for this State with reference to PIP coverage by enacting K.S.A. 1979 Supp. 40-3108. This statute permits an exclusion to prevent "stacking" of PIP benefits when the exclusion is written into a PIP endorsement.

In the *Wasche* case the Minnesota Supreme Court struck down a clause in an insurance policy which attempted to prevent the "stacking" of PIP benefits. The Minnesota court stated:

"Absent an express statutory prohibition of stacking in the no-fault context, insurers offer no compelling reason to deny stacking of compulsory basic economic loss coverages while stacking of uninsured-motorist coverages is recognized and permitted.

"Against the background of our holdings stacking uninsured-motorist coverages, we believe that, had the legislature intended that stacking could now be prohibited under the no-fault act in either the uninsured-motorist or the no-fault context, it would have so provided. This it did not do.   .   .   .   Should we have misconceived the legislature's intent, we invite a clear expression. As we fully recognize, the issue is one where the public interest can best be served by a legislative, rather than a judicial, resolution of the problem." 268 N.W.2d at 919-920.

It is clear that had the Minnesota legislature provided for a statutory exclusion similar to K.S.A. 1979 Supp. 40-3108 or the Florida section 627.736, the result in Minnesota would have been totally different.

The plaintiff-appellant, McNemee, has attempted to draw support from the fact Kansas permits stacking of uninsured motorist coverages, and therefore says the legislature must have intended to "stack" PIP benefits, as both coverages are creatures of the legislature and remedial in nature. In support, the plaintiff-ap-

pellant relies on numerous Kansas Supreme Court decisions striking out various exclusions in automobile policies which attempt to limit or dilute uninsured motorist coverage.

The fatal flaw in this and in the uninsured motorist analogy is clear. Uninsured motorist protection (K.S.A. 40-284) and PIP benefits are both mandated by the Kansas legislature, but nowhere in the uninsured motorist statute does the legislature grant any type of authorized exclusion prohibiting "stacking." This distinction is fundamental, crucial, and paramount when examining uninsured motorist case law and in considering the stacking of PIP benefits.

This same uninsured motorist analogy was raised in Florida and disposed of in the *State Farm v. Castaneda* decision. That court in distinguishing the Minnesota cases reasons:

"This authority is not persuasive, since the Uninsured Motorist provision of the Florida Statutes does not contain any authorized exclusions, whereas certain express exclusions are contained within the sections pertaining to PIP benefits, as noted above. Moreover, the PIP benefits exclusion which was authorized by the Florida legislature and included in the State Farm policy is clear, unambiguous and specific. As such, it requires no construction or interpretation. *Oren v. General Accident Fire and Life Assur. Corp.*, 175 So. 2d 581 (Fla. 3d DCA 1965). Thus, the exclusionary provisions in the State Farm policies relating to PIP benefits are valid and binding on the Plaintiff." 339 So. 2d at 681.

Under the facts and circumstances of this case, when three automobile insurance policies were issued to a named insured covering three different vehicles and the insured was injured while driving one of the vehicles, he is not entitled to "stack" PIP benefits. If, as in the present case, the additional policies cover nonoccupied vehicles and the policies contain the exclusion authorized by K.S.A. 1979 Supp. 40-3108(*a*), the insured is limited to recovery of the amount of PIP benefits provided for in the policy which covers the vehicle occupied by him at the time of his injuries.

In view of the foregoing, the other questions need not be decided. The judgment is affirmed.