**Charles M. COLLINS and Carol C. Johnson, Appellants,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., Appellee.**

No. 89–1871.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 16, 1990.

Decided May 15, 1990.

Louis C. Accurso, Kansas City, Mo., for appellants.

Michael Dutton, Overland, Park, Kan., for appellee.

Before McMILLIAN and FAGG, Circuit Judges, and STROM,* District Judge.

McMILLIAN, Circuit Judge.

Charles M. Collins and Carol C. Johnson (appellants) appeal from a judgment en-

* The Honorable Lyle E. Strom, Chief Judge, Unit-    ed States District Court for the District of Ne-

tered in the District Court[1] for the Western District of Missouri upon a jury verdict in favor of State Farm Mutual Automobile Insurance Co. (State Farm). For reversal, appellants argue that the district court erred in (1) construing two insurance policies issued to appellant Charles Collins and his second wife according to Kansas law, (2) denying appellants' motion for partial summary judgment on the issue of whether their son was insured under the terms of the policies, and (3) instructing the jury. We affirm.

## FACTS

Appellants' son, Michael T. Collins, was killed on August 15, 1986, when the automobile in which he was a passenger hit a tree in Kansas City, Missouri. The driver of the automobile did not have automobile insurance. Two insurance policies issued to appellant Charles Collins and his second wife by State Farm provide for uninsured motorist coverage for injuries sustained by an "insured." "Insured" as defined in each policy includes any relative of the policyholder who "lives with" the policyholder. State Farm denied coverage for Michael's death on the ground that Michael did not live with his father and stepmother at the time of his death.

Since appellants' divorce in 1976, Michael moved several times between his father's home in Kansas City, Kansas, and his mother's home in Kansas City, Missouri. In 1984, at the age of fourteen, Michael moved from his father's home in Kansas to his mother's home in Missouri. He attended school in Missouri, and worked there during the summer. According to the facts presented by appellants, he did, however, keep several possessions at his father's home and visited frequently.

Appellants brought suit against State Farm in the Circuit Court of Jackson County, Missouri, seeking recovery under the uninsured motorist provision of the two insurance policies. The case was removed to federal court on the basis of diversity of citizenship. 28 U.S.C. §§ 1332, 1441 (1982). Both parties filed motions for summary judgment. The district court denied their motions, and the case went to trial. The court submitted the issue of whether Michael was an insured under the policies to the jury, which returned a verdict in favor of State Farm. This appeal followed.

## DISTRICT COURT OPINION

In its opinion denying both parties' motions for summary judgment, the district court held that the insurance policies are to be construed according to Kansas law. *Collins v. State Farm Mutual Auto. Ins. Co.*, No. 88–0521–CV–W–3, slip op. at 7 (W.D.Mo. Apr. 20, 1989) (*Collins*). The court first applied the well-settled rule that a federal court sitting in diversity must apply the choice of law principles of the forum state. *Id.* at 3; *see Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477 (1941). The court then noted that Missouri has generally adopted the Restatement (Second) of Conflicts of Law (1971). *Collins*, slip op. at 3–4; *see Crown Center Redevelopment Corp. v. Occidental Fire & Casualty Co.*, 716 S.W.2d 348, 358–59 (Mo.Ct. App.1986) (*Crown Center*). According to the Restatement (Second), the rights created by an insurance contract are to be determined by the "local law of the state which the parties understood to be the principal location of the insured risk." Restatement (Second) of Conflicts of Law § 193 (1971)[2]; *see Crown Center*, 716 S.W.2d at 358–59. The district court concluded that Kansas was the location of the insured risk, noting that Charles and his second wife are both Kansas residents and

braska, sitting by designation.

1. The Honorable Elmo B. Hunter, Senior United States District Judge for the Western District of Missouri.

2. Restatement (Second) of Conflicts of Law § 193 (1971) provides:

The validity of a contract of fire, surety or casualty insurance and the rights created thereby are determined by the local law of the state which the parties understood was to be the principal location of the insured risk during the term of the policy, unless with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the transaction and the parties, in which event the local law of the other state will be applied.

that all of the named insureds and vehicles covered by the policies are located in Kansas.[3] *Collins*, slip op. at 6. The court also emphasized that the policies cover persons other than the named insureds only if these persons live with the policyholder. *Id.* at 5–6.

The district court also considered whether Missouri had a more significant relationship to the case. *Id.* at 6; *see* Restatement (Second) of Conflicts of Law § 193. The court noted that both Kansas and Missouri have strong policy interests in uninsured motorist benefits in general and in the propriety of allowing stacking,[4] one of the issues dependent on the choice of law. *Collins*, slip op. at 6. The court refused to decide which state has the "superior" policy, and rejected appellants' assertion that Missouri law should govern. *Id.*

The district court further held that because Kansas law does not allow stacking, appellants could not recover more than $40,000. *Id.* at 11; *see* Kan.Stat.Ann. § 40–284(d) (Supp.1989).[5] The court arrived at this figure by subtracting from the higher limit of the two policies ($100,000) the $60,000 appellant Carol Johnson recovered in a settlement with another insurer, Western Casualty and Surety Co., on a policy issued to her second husband.[6]

The court then addressed the merits of the parties' motions for summary judgment, and concluded that a factual dispute existed as to whether Michael was living with his father at the time of the accident so as to fall within the uninsured motorist provision in either policy. *See Girrens v. Farm Bureau Mut. Ins. Co.*, 238 Kan. 670, 715 P.2d 389, 394 (1986) (question of whether plaintiff was a "dependent person" under terms of an insurance contract was a question of fact). Accordingly, the district court denied each party's motion for summary judgment and submitted the issue to the jury.

## CHOICE OF LAW AND SUMMARY JUDGMENT

■■■ We hold that the district court correctly interpreted the insurance policies under the law of Kansas. In addition, we hold that the district court was entirely correct in refusing to grant appellants' motion for summary judgment. The evidence clearly presented a jury question as to whether Michael was living with his father at the time of the accident.

## JURY INSTRUCTIONS

Appellants challenge the propriety of Jury Instructions Nos. 6 and 7 and the district court's refusal to give appellants' proposed Instructions A and B. Neither argument has merit.

Appellants' proposed Instruction A assumes liability and asks the jury to decide only the amount of damages.[7] Because the district court correctly concluded that whether Michael was a relative living with his father at the time of the accident was a disputed question of fact for the jury, proposed Instruction A does not accurately reflect the law of the case. The instruction

---

3. The named insureds are Charles Collins, Sheryl Collins, and Stephanie Collins, Charles' stepdaughter.

4. "Stacking" is the ability of an insured to recover under two or more endorsements for a single loss. *McNemee v. Farmers Ins. Group*, 228 Kan. 211, 612 P.2d 645, 646–47 (1980).

5. Kan.Stat.Ann. § 40–284(d) (Supp.1989) provides:
   Coverage under the policy shall be limited to the extent that the total limits available cannot exceed the highest limits of any single applicable policy, regardless of the number of policies involved, persons covered, claims made, vehicles or premiums shown on the

policy or premiums paid or vehicles involved in an accident.

6. Western Casualty paid $60,000 jointly to Kenneth Johnson, Carol Johnson, and Michael Collins.

7. Appellants' proposed Instruction A is modeled after Missouri Approved Jury Instructions § 31.07 (3d ed. 1981) and reads as follows:
   Under the law, Defendant is liable to Plaintiffs for damages in this case. Therefore, you must find the issues in favor of Plaintiffs and award Plaintiffs such sum as you believe will fairly and justly compensate Plaintiffs for any damages you believe Plaintiffs sustained and are reasonably certain to sustain in the future as a direct result of the fatal injury to Michael T. Collins.

that was given to the jury, Instruction No. 6, properly instructed the jury that it may render a verdict for appellants only after finding that Michael was living with his father at the time of his death.

 Appellants argue that the district court erred by refusing to give proposed Instruction B which reads: "A child of divorced parents can be living in two separate households, that of his father and of his mother." Appellants further argue that Jury Instruction No. 7, a special interrogatory asking the jury if Michael Collins was living with his father at the time of his death, led the jury to believe that Michael could not be living with both parents at the same time. We disagree.

Proposed Instruction B is based on a Missouri case, *Countryside Casualty Co. v. McCormick*, 722 S.W.2d 655, 659 (Mo.Ct. App.1987) (*McCormick*) (holding that a minor child could be living in two separate households at the same time), and does not necessarily reflect the law of Kansas.[8] The district court found no Kansas case interpreting "living with" or "resident of" for purposes of insurance coverage of a minor child of divorced parents, and our research has likewise revealed none.[9] In the absence of a case directly on point, the district court concluded that "[t]o try and put any gloss on [the language] is immensely risky." Instead the court instructed the jury to consider the ordinary meaning of the insurance language, and permitted appellants to argue to the jury that the ordinary meaning of "living with" does not preclude the possibility that Michael was living in two separate households simultaneously. The district court feared that to do more, namely instruct the jury that Michael could have been living with two divorced parents at the same time, would confuse the jury and would amount to tell-

ing the jury to reach a verdict for appellants. A district court has broad discretion in fashioning the charge to the jury, including special interrogatories. *Malden v. Union Electric Co.*, 887 F.2d 157, 163 (8th Cir.1989) (citing *Garnes v. Gulf & Western Mfg. Co.*, 789 F.2d 637, 642 (8th Cir.1986)). "[A]s long as the entire charge fairly and adequately contains the law applicable to the case, the judgment will not be disturbed on appeal." *Id.* We find no reversible error in the instructions that were given to the jury in this case.

Accordingly, the judgment of the district court is affirmed. *See* 8th Cir.R. 14.

---

**8.** Other jurisdictions in addition to Missouri have expressly held that a minor child can be a resident of two households at the same time. Annotation, *Who is "Resident" or "Member" of Same "Household" or "Family" as Named Insured, Within Liability Insurance Provision Defining Additional Insureds*, 93 A.L.R.3d 420, 441 § 6 (1979 & Supp.1989).

**9.** The most analogous case is *Friedman v. Alliance Ins. Co., Inc.*, 240 Kan. 229, 729 P.2d 1160 (1986), which lists nine factors to aid the factfinder in determining the "residence" of a child who has completed college and is in the process of moving when the loss occurs. *Friedman*, 729 P.2d at 1166. The district court cited this case in its opinion denying summary judgment. *Collins*, slip op. at 15–17.