978 F.2d 1263
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Kenny FLOYD, Appellant,
v.
LIBERTY MUTUAL INSURANCE COMPANY, Appellee.
 No. 92-1802WM.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: October 9, 1992.
Filed: October 26, 1992.
 
 Before FAGG, BOWMAN, and WOLLMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Kenny Floyd appeals the district court's order granting summary judgment to Liberty Mutual Insurance Company (Liberty) and denying Floyd leave to amend his complaint. Floyd brought this diversity action alleging intentional and negligent infliction of emotional distress and tortious interference with a contract. We affirm.
 
 
 2
 Dr. James Shaeffer treated Floyd following an injury. Dr. Shaeffer's insurance clerk, Martha Hofmann, contacted Liberty's claim representative, Beverly Reardon, to obtain approval for Dr. Shaeffer to perform surgery on Floyd.
 
 
 3
 Floyd asserts Reardon told Hofmann that Floyd had tested positive for Acquired Immune Deficiency Syndrome (AIDS) when he donated blood. Consequently, Dr. Shaeffer delayed the scheduled surgery until he discovered Floyd did not have the disease. Floyd asserts Reardon knew he neither had AIDS nor had tested positive for AIDS and falsely and recklessly represented that he had the disease, causing him severe emotional distress. Floyd also claims Liberty intentionally interfered with his contract with Dr. Shaeffer to perform the scheduled surgery.
 
 
 4
 Liberty denied Floyd's complaint and moved for summary judgment. Liberty supported its motion with Hofmann's deposition and Reardon's affidavit, which both denied Reardon told Hofmann that Floyd had AIDS or had tested positive for AIDS. Floyd resisted Liberty's motion with Dr. Shaeffer's deposition, which stated Hofmann had reported Floyd had tested positive for AIDS and Dr. Shaeffer postponed the surgery until he could obtain more definitive testing.
 
 
 5
 Floyd moved to amend his complaint to add a cause of action for invasion of privacy and to counter Liberty's claim he had not alleged a medically-diagnosable injury. Liberty opposed the motion.
 
 
 6
 The district court concluded Dr. Shaeffer's recollection of what Hofmann told him she heard from Reardon was hearsay. Although Shaeffer's deposition could be used to impeach Hofmann's testimony, it could not be admitted to prove Reardon made the statement. Because the evidence was uncontroverted Reardon did not state Floyd had tested positive for AIDS, Floyd could not prove an essential element of his case. For this reason, the district court also concluded Floyd's proposed amendment to his complaint failed to allege a cause of action entitling Floyd to any relief. Thus, the district court granted Liberty summary judgment and denied Floyd's motion to amend.
 
 
 7
 We review the grant of summary judgment de novo. Walker v. State Farm Mut. Auto. Ins. Co., No. 91-3377, 1992 WL 200274, at * 1 (8th Cir. Aug. 21, 1992). We consider whether the record, when viewed in the light most favorable to Floyd, shows that there is no genuine issue regarding any material fact and that Liberty is entitled to judgment as a matter of law. Id.; Fed. R. Civ. P. 56(c). We also review state law de novo. Salve Regina College v. Russell, 111 S. Ct. 1217, 1221 (1991).
 
 
 8
 Although inadmissible hearsay, standing alone, cannot defeat a motion for summary judgment, we have been reluctant to affirm the grant of summary judgment if the nonmoving party also has admissible evidence supporting its claim. Financial Timing Publications, Inc. v. Compugraphic Corp., 893 F.2d 936, 944 (8th Cir. 1990). Floyd asserts he did not have an opportunity to obtain other possible admissible evidence by taking Reardon's deposition. Floyd, however, made no effort to take advantage of Fed. R. Civ. P. 56(f), nor did he ask the district court to grant a continuance. Not having made this attempt, Floyd cannot now complain of his inability to rebut the evidence Liberty presented. See Wallace v. Dorsey Trailers S.E., Inc., 849 F.2d 341, 344 (8th Cir. 1988).
 
 
 9
 We agree with the district court that Dr. Shaeffer's recollection of Hofmann's conversation with Reardon is hearsay and cannot be used to rebut Liberty's proof that the alleged conversation did not occur. Thus, there is no material factual dispute, and the grant of summary judgment was appropriate. In addition, we conclude the district court did not abuse its discretion in denying the motion to amend the complaint. See Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 644 F.2d 690, 694 (8th Cir. 1981) (reviewing motion to amend complaint for abuse of discretion).
 
 
 10
 Accordingly, we affirm.