986 F.2d 503
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Cornelius VELDHUIZEN, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 92-2230MN.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: January 12, 1993.
Filed: January 25, 1993.
 
 Before FAGG, BOWMAN, and WOLLMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Cornelius Veldhuizen brought this quiet title action to set aside the Farmers Home Administration's (FHA) mortgage foreclosure sale of his farm. Veldhuizen appeals the district court's order granting summary judgment to the United States. We affirm.
 
 
 2
 The FHA gave Veldhuizen a loan in return for a promissory note secured by a real estate mortgage on Veldhuizen's farm. When Veldhuizen stopped making payments on his loan, the FHA foreclosed Veldhuizen's mortgage under Minnesota law. The FHA published notice that Veldhuizen's mortgage would be foreclosed by sale, and after unsuccessful attempts to serve the foreclosure notice on Veldhuizen, the sheriff sold the farm.
 
 
 3
 In the district court, Veldhuizen asserted the foreclosure sale was invalid because the FHA did not hold his note or personally serve him despite his occupancy of the farm. See Minn. Stat. Ann. § 580.03 (West 1988) (requiring published notice and personal service on the actual occupant of the mortgaged land). Veldhuizen submitted several affidavits confirming he occupied the farm. The FHA submitted the sheriff's affidavit that Veldhuizen did not occupy the farm and was evading service. The district court concluded the FHA could foreclose Veldhuizen's mortgage without holding the note and service of the foreclosure notice on Veldhuizen was unnecessary because he did not occupy the farm. Veldhuizen appeals these two rulings, which we now consider.
 
 
 4
 We review the grant of summary judgment de novo. Walker v. State Farm Mut. Auto. Ins. Co., 973 F.2d 634, 636 (8th Cir. 1992). We consider whether the record, when viewed in the light most favorable to Veldhuizen, shows there is no genuine issue of material fact and the United States is entitled to judgment as a matter of law. Id.
 
 
 5
 Veldhuizen's note and mortgage are governed by federal law, which allows the FHA to retain a mortgage lien on Veldhuizen's property even though the FHA does not hold the note. 7 U.S.C. § 1927(c) (1988); see United States v. Kimbell Foods, Inc., 440 U.S. 715, 726-27 (1979). Under the contractual terms of Veldhuizen's mortgage and note, the FHA assigned the note to a lender, insured payment of the note, and retained the right to foreclose the mortgage if Veldhuizen failed to repay the loan. Thus, we agree with the district court that the FHA could foreclose Veldhuizen's mortgage without holding the note.
 
 
 6
 We agree with Veldhuizen that the district court mistakenly concluded Veldhuizen did not occupy the farm because the affidavits conflict on this issue. Veldhuizen, however, did not deny the sheriff's affidavit that he evaded service. Thus, Veldhuizen may not complain because he was not personally served with notice of the foreclosure sale. See Minn. R. Civ. P. 4.04(a) (West Supp. 1993) (published notice is sufficient to confer jurisdiction when a party evades service). Although the district court did not consider the undisputed fact that Veldhuizen evaded personal service, we can affirm the district court on any ground supported by the record. United States v. Wood, 834 F.2d 1382, 1389 n.4 (8th Cir. 1987).
 
 
 7
 In addition, Veldhuizen was not prejudiced from the lack of personal service. The FHA published notice that Veldhuizen's mortgage would be foreclosed, and Veldhuizen knew about the sale. Veldhuizen took action to protect his interests in his farm by filing a lawsuit to stop the foreclosure sale, discussing his loan with the FHA, and sending someone to represent him at the foreclosure sale.
 
 
 8
 Veldhuizen also raises several issues that were not passed on by the district court. We decline to consider these issues for the first time on appeal. See Smith v. Gould, Inc., 918 F.2d 1361, 1364 (8th Cir. 1990).
 
 
 9
 Accordingly, we affirm.