83 F.3d 430
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Oliver OMENWU, Defendant-Appellant.
 No. 95-55120.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 10, 1996.*
Decided April 12, 1996.
 
 Before: HALL, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Oliver Omenwu appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion challenging his guilty plea conviction for possession with intent to distribute over 100 grams of heroin, 21 U.S.C. § 841(a)(1) and conspiracy, 21 U.S.C. § 846. He contends that: (1) his counsel was ineffective because he was laboring under a conflict of interest which adversely affected his performance and (2) the district court erred by failing to hold an evidentiary hearing on the matter. We have jurisdiction under 28 U.S.C. § 2255. We review de novo, Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995), and we affirm.
 
 BACKGROUND
 
 3
 At a hearing on a motion to suppress evidence, Kimuel Lee, Omenwu's retained counsel, moved to be relieved from the case based upon Omenwu's inability to pay Lee's retainer fee. The district court denied the request, informing Omenwu that he could seek substitution of attorneys at a later time. The court subsequently denied the suppression motion and Omenwu pled guilty later that same day.
 
 
 4
 Prior to sentencing, Omenwu submitted a letter to the court requesting the appointment of a public defender on the grounds that his attorney maintained infrequent contact with him. The court denied the request. On the day of sentencing, Omenwu submitted another substitution request and the court denied that request as well. The court subsequently sentenced Omenwu to 108 months of imprisonment.
 
 ANALYSIS
 
 5
 Omenwu contends that his inability to pay his attorney's retainer fee resulted in an actual conflict of interest that adversely affected his counsel's performance. Omenwu alleges that: (1) prior to his motion to suppress, Lee refused to contact a witness who could have testified on Omenwu's behalf; (2) prior to his guilty plea, his attorney misadvised him as to his possible sentence; and (3) prior to sentencing, his attorney did not allow Omenwu to review the presentence report.
 
 
 6
 In order to show ineffective assistance on the basis of conflict of interest, a party must show that counsel actively represented conflicting interests which adversely affected counsel's performance. Cuyler v. Sullivan, 446 U.S. 335, 348-50 (1980). A timely objection, however, obviates the need to show adverse effect once defendant establishes an actual conflict. See Garcia v. Bunnell, 33 F.3d 1193, 1198 n. 5 (9th Cir.1994), cert. denied, 115 S.Ct. 1374 (1995) (citing Holloway v. Arkansas, 435 U.S. 475, 488 (1978)). Nonetheless, an actual conflict, as opposed to a mere possibility of conflict, is necessary and must be proven through a factual showing on the record. Sanders v. Ratelle, 21 F.3d 1446, 1452 (9th Cir.1994).
 
 
 7
 Even assuming Omenwu made a proper and timely objection, he has failed to show Lee labored under an actual conflict of interest. See Garcia, 33 F.3d at 1198-99. The record supports Lee's declaration that his advocacy for Omenwu remained unimpaired throughout the proceedings. Lee raised and argued all relevant issues at the suppression hearing. With regard to the purported witness counsel failed to investigate, Omenwu fails to mention the identity of the witness and how he or she would have helped his case. Omenwu's allegation that counsel misadvised him as to his possible sentence is belied by the transcript from his change of plea hearing. Omenwu's allegation that he did not see the presentence report before sentencing is also belied by the record which shows counsel reviewed the report with Omenwu and made objections on Omenwu's behalf. Because the motions, files, and records of this case conclusively show that Omenwu is not entitled to relief, the district court did not err by dismissing Omenwu's section 2255 motion without ordering an evidentiary hearing. See 28 U.S.C. § 2255 (1988); United States v. Keller, 902 F.2d 1371, 1395 (9th Cir.1990).[1]
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To the extent that Omenwu's pro se brief can be construed as challenging the district court's denial of his two requests for substitute counsel, we find no abuse of discretion. United States v. Schaff, 948 F.2d 501, 505 (9th Cir.1991)